### 6099. MAYOR AND COUNCIL OF MACON *v.* STRINGFIELD.

It is a prerequisite to suit against a municipal corporation in this State for injury to person or property that a "claim for money damages" be presented in writing to the governing authority of the municipality for adjustment, "stating the time, place, and extent of the injury, as near as practicable, and the negligence which caused the same." Political Code, § 910. A notice which fails to specify any amount of money as damages is not a compliance with this requirement.

DECIDED JUNE 25, 1915.

Action for damages; from city court of Macon—Judge Hodges. October 17, 1914.

*Walter Defore, Robert E. Plunkett,* for plaintiff in error.

*Robert W. Barnes,* contra.

WADE, J. The Political Code, § 910, provides that "no person, firm or corporation, having a claim for money damages against any municipal corporation of this State on account of injuries to person or property, shall bring any suit at law or equity against said municipal corporation for the same, without first presenting in writing such claim to the governing authority of said municipality for adjustment, stating the time, place, and extent of such injury, as near as practicable, and the negligence which caused the same, and no such suit shall be entertained by the courts against such municipality until the cause of action therein has been first presented to said governing authority for adjustment." It has been many times decided by the Supreme Court and this court that a substantial compliance with these requirements is all that is necessary, since the object of the notice therein provided for is to put the municipal corporation in possession of such facts as will enable it to investigate the actual merits of the claim and to determine whether to pay it. In *Langley* v. *Augusta,* 118 *Ga.* 590-

600 (45 S. E. 486, 98 Am. St. R. 133), it was said that the purpose of the act of 1899, codified in the section quoted above, was simply to give to a municipality notice that the citizen or property-owner had a grievance against it; and that the act "does not contemplate that the notice shall be drawn with all of the technical niceties necessary in framing a declaration;" that "it is necessary only that the city shall be put on notice of the general character of the complaint, and, in a general way, of the time, place, and extent of the injury. The act recognizes, by use of the words 'as near as practicable,' that absolute exactness need not be had. A substantial compliance with the act is all that is required; and when the notice describes the time, place, and extent of the injury with reasonable certainty, it will be sufficient." It was said in the same case that "the petition need not actually follow the notice, and an immaterial variance between the two as to time, place, or extent of injury will not amount to a fatal variance." In *City of Tallapoosa* v. *Brock,* 138 *Ga.* 622 (75 S. E. 644), the Supreme Court said that this code section requires "a presentation in writing of such claim to the governing authority of the municipality for adjustment, stating the time, place, etc., before bringing suit, and allows the municipal authorities thirty days in which to act on the claim. A petition which fails to do this is demurrable." In *Bostwick* v. *Griffin,* 141 *Ga.* 120 (80 S. E. 657), that court again said that "no such suit [for injuries to person or property] shall be entertained by the courts against such municipality until the cause of action therein has been presented for adjustment."

The paper which this section of the code requires to be presented is there designated as "a claim for money damages;" and a claim for money should state the amount of money claimed. One of the things required by this section is a statement of the "extent" of the injury. The reason for this requirement is obvious. The object and purpose of the statute was to require such information as would apprize the governing authority of the municipality of the amount of the claim and enable the proper officials to investigate the injury complained of and determine whether or not to adjust the demand without suit. It can readily be seen that if no specific amount of damages is claimed in the notice or demand, it would be impossible for the city, acting through the proper officials, to determine whether or not the demand is reasonable or excessive,

and whether it should be adjusted without suit or resisted in the courts, even where the facts alleged in the notice as to the time, the place, and the character of the injury are fully set forth. For instance, suppose one having a demand against a municipality on account of a broken limb, caused by a fall into an open and unprotected ditch across or in a city street, gave written notice to the proper officials of the city, setting forth with sufficient fullness the time, the place, and the nature of the injury, describing with minuteness what particular bone was broken and the exact injury suffered, how could the city authorities determine (even where their investigation verified all that was alleged in the written notice and clearly demonstrated the liability of the city for the injury) whether or not they would adjust the claim without suit, unless the notice apprized them as to "the extent of such injury" pecuniarily as well as otherwise. If the injured person claimed an exorbitant amount for a simple fracture from which no permanent injury resulted, the city officials would not be willing to effect a settlement on the terms named by him, whereas if he named a reasonable and moderate amount an immediate settlement might be accomplished or negotiations be begun which would result in a settlement. If no notice is given the city as to how much the injured person claims as "the extent of such injury" pecuniarily, the written notice would not enable the city officials to determine whether they should meet the demand made and thereby prevent a suit against the city. The word "extent," as used in this section of the code, bearing in mind the object to be accomplished by the notice, must include not only the nature and character of the injury for which payment is demanded, but also the amount of the damage, measured in the only terms by which the city could adjust the same, to wit, in dollars and cents.

In conformity with the view expressed above, this court in *Smith* v. *Elberton,* 5 *Ga. App.* 286 (63 S. E. 48), said that "notice of the time, place, and extent of the injury to person or property, claimed to have been inflicted by the corporation, and *the amount of the damages claimed,* shall be given to its officers." In *Kennedy* v. *Savannah,* 8 *Ga. App.* 98 (68 S. E. 652), this court held that a notice which described certain personal injuries suffered by the plaintiff by a fall, whereby he incurred a doctor's bill of $150, hospital fees of $30, and was permanently injured as therein described,

and concluded by laying his damages at $5,000, was sufficient. In that case the present Chief Judge of this court said, speaking for the full court, that "only such substantial compliance with the provisions of the act of 1899 (Acts 1899, p. 74), requiring notice to be given to municipal corporations of claims for damages against them, is necessary as will enable the municipality to fully investigate the claim and to determine whether it prefers to adjust the claim without suit or to contest its validity in the courts." In *City of Sandersville* v. *Stanley*, 10 *Ga. App.* 360 (73 S. E. 535), it was held that the requirements of section 910 are "sufficiently complied with where the notice gives information sufficiently definite to locate the property alleged to have been injured, *the amount of damages claimed,* and sufficient data to enable the city authorities to examine into the alleged injuries and determine whether the claim should be adjusted without suit." The notice in that case specifically set out the extent of the injury claimed, as it alleged that the various matters complained of had all resulted in injury and damage to the plaintiff "in the sum of $1,500 or other large sum."

The notice given to the governing authority of the city of Macon in this case sets out the time, the place, and the nature of the alleged injury, but fails to set out the "extent" of the injury, or claim any specified amount as damages, or indicate for what maximum amount the injury could be compensated. The court therefore erred in overruling the demurrer.

Since our holding will necessarily result in dismissal of the suit, the remaining questions raised by the demurrer need not be now considered.        *Judgment reversed.*