*M. L. Gross, R. A. Harrison,* contra.

---

8012.   CITY OF GRIFFIN *v.* STEWART.

The several grounds of the demurrer were without any substantial merit, and the trial court did not err in overruling them.

> DECIDED MAY 3, 1917.

Action for damages; from city court of Griffin—Judge Flynt. December 7, 1916.

*C. G. Mills,* for plaintiff in error.

*J. A. Darsey, J. R. Williams,* for defendant.

WADE, C. J. J. A. Stewart brought suit against the City of Griffin to recover damages for alleged personal injuries, and the defendant filed a general and special demurrer to the petition. The court overruled the demurrer, on each and every ground, and the defendant excepted.

The first ground of the general demurrer is that "under the allegations of the petition, plaintiff is not entitled to maintain his suit or to recover damages against the defendant." The defendant contends that the court should have sustained this ground because the plaintiff failed to comply with the requirements of the Political Code, § 910, by presenting, before suit, a written claim for $232 to the authorities of the municipality, while in his petition he seeks to recover $5,000 as the extent of his injuries. This section of the code provides that "no person, firm, or corporation, having a claim for money damages against any municipal corporation of this State on account of injuries to person or property, shall bring any suit at law or equity against said municipal corporation for the same, without first presenting in writing such claim to the governing authority of said municipality for adjust- ment, stating the time, place, and extent of such injury, as near as practicable, and the negligence which caused the same, and no such suit shall be entertained by the courts against such munici- pality until the cause of action therein has been first presented to said governing authority for adjustment." A substantial com- pliance with these requirements of this code-section is all that is necessary, since the object of the notice therein provided for is to put the municipality in possession of such facts as will enable it to investigate the actual merits of the claim and to determine whether to pay it. In *Langley* v. *Augusta,* 118 *Ga.* 590, 600 (45 S. E. 486, 98 Am. St. R. 133), it was said that this section "does not con- template that the notice shall be drawn with all the technical niceties necessary in framing a declaration," and that "it is neces- sary only that the city shall be put on notice of the general char- acter of the complaint, and, in a general way, of the time, place, and extent of the injury." In *Mayor &c. of Macon* v. *Stringfield,*

16 *Ga. App.* 480 (85 S. E. 684), it was said: "The paper which this section of the code requires to be presented is there designated as 'a claim for money damages;' and a claim for money should state the amount of money claimed. One of the things required by this section is a statement of the 'extent' of the injury. The rea-- son for this requirement is obvious. The object and purpose of the statute was to require such information as would apprise the governing authority of the municipality of the amount of the claim and enable the proper officials to investigate the injury complained of and determine whether or not to adjust the demand without suit." See also authorities cited in that case.

The notice given to the municipal authorities in this case sets out the time, the place, the nature of the alleged injury, and the extent of the injury; and we hold that this was at least a substantial (if not exact) compliance with the law, notwithstanding this notice claims money damages in the sum of $232, while the petition seeks to recover the sum of $5,000 as the "extent" of the injuries therein complained of. Of course, had the notice failed to specify *any* amount of money as damages (as was the case in *Mayor &c. of Macon* v. *Stringfield,* supra), there would have been no compliance with the code section. However, as stated above, the plaintiff in his notice claimed a specified amount as damages, for which amount the injury could have been compensated; and if "admissions or propositions made with a view to a compromise are not proper evidence" (Civil Code, § 5781), they can not thereafter be pleaded in bar against the plaintiff. The mere fact that the amount named in the notice, and which the city refused to accept in adjustment of the claim, differed from the amount subsequently sued for is immaterial. Any ruling to the contrary would be obviously improper, since it would be equivalent to holding that a plaintiff, by offering to compromise for a stated sum, could not later sue for a greater amount. The plaintiff may amend an action for damages by increasing or reducing the amount sought to be recovered; and, this being true, it would certainly be unreasonable to hold that he could not sue a city for a larger amount on account of injury to person or property than he had previously demanded of the municipality in full compensation therefor, in compliance with the requirements of the statute. Certainly where the plaintiff made demand for $232 and this demand was refused by the

city, the municipality could not rationally claim that it did not have an opportunity to adjust the claim without suit, because the plaintiff afterwards brought his action for $5,000. The failure or refusal to pay the $232 demanded in the claim presented to the governing authority of the city amounted to a denial of liability on the part of the city, and left the plaintiff free to bring suit for whatever amount he in his judgment saw fit to claim, without in any way running counter to the purpose which section 910 is intended to subserve; for in no sense was the city thereby deprived of an opportunity to investigate and determine the validity of the claim and effect a settlement thereof within 30 days without incurring the cost of suit. See *Williamson* v. *Savannah*, ante, 784. There is, therefore, no merit in this ground of the demurrer.

The second ground of the general demurrer is that "no cause of action is set forth in the petition in favor of plaintiff and against defendant." The defendant contends that the court should have sustained this ground because the petition shows on its face that no notice had been submitted to the governing authorities for adjustment, placing the extent or amount of damages at $5,000, and without such allegation the petition set forth no cause of action. In view of the ruling above, this ground of the demurrer is without merit. Paragraph 12 of the plaintiff's petition is as follows: "Plaintiff avers further that he made a written demand on the 25th day of September, 1916, for his claim for damages as aforesaid, to the governing authorities of said city of Griffin, mayor and council, for adjustment, a copy of said demand being hereto attached and marked exhibit 'A'." Exhibit "A" is a copy of the notice which we considered in dealing with the first ground of the demurrer, and which we held above to be a sufficient compliance with the requirements of the Political Code, § 910. In the case of *City of Columbus* v. *McDaniel*, 117 *Ga.* 823 (45 S. E. 59), it was held: "Inasmuch as a municipality is not, since the passage of the act of December 20, 1899 [Political Code, § 910], subject to suit on a claim of the character therein mentioned until after the same has been presented in writing to the municipal authorities for adjustment, it is imperative that one instituting an action to enforce the payment of such a claim shall in his petition affirmatively allege full compliance with the requirements of that act. *Saunders* v. *Fitzgerald*, 113 *Ga.* 619 (38 S. E. 978). But the

plaintiff is under no obligation to encumber his pleading by setting forth in his petition, or attaching thereto as an exhibit, an exact copy of the written demand made upon the defendant corporation, since it merely affords evidence of his right to presently prosecute his suit, and is in no sense an instrument to be declared on as giving rise to his cause of action." Here a copy of the demand was attached as an exhibit, though the same was not fully set out in the petition itself. The third and fourth grounds of the general demurrer are merely amplifications of the preceding grounds, and are therefore without merit and need no further discussion.

The grounds of the special demurrer complaining that paragraphs 3, 4, 5, 6, and 7 of the petition are so vague, uncertain, and indefinite that the municipal corporation was unable to meet the allegations contained therein are without merit. By referring to these paragraphs we find that they sufficiently show the "time" when the injury occurred, the place "where," the "negligence" of the defendant in allowing and permitting the place to be left open for four weeks or longer, and the nature and character of the defect in the street which caused the injury.

The last ground of the special demurrer is as follows: "For further special demurrer defendant says that no bill of particulars is attached, and without same it will be impossible to successfully defend this suit for damages." This ground is likewise without merit. The claim for money damages, presented to the governing authority of the municipality, which was attached to the petition as an exhibit, contained the following statement: "Now, in order to avert a damage suit, and in order to effect a compromise, if the said city will pay me two hundred ($200) dollars, medical service twenty-five ($25) dollars, drug bills four dollars forty cents ($4.40), and for shoe three ($3) dollars, amounting in all to $232, I will release the city from all liability by reason of being injured in said city, provided it is done at once, and provided this offer of compromise does not act as a bar to suing for a greater sum;" the $200 therein referred to being compensation for the injury to the plaintiff and the resulting physical pain and suffering. The petition itself sets forth the injury for which the plaintiff sued, the nature and character thereof, the resulting effect in decreasing the earning capacity of the plaintiff, his expectancy, etc., and further alleges that he was put to expense "for

medical service, etc., on account of said injuries," and as an exhibit to the petition the amount of "medical services, etc.," is distinctly and definitely alleged; so the defendant was clearly put upon sufficient notice as to what amount would be claimed for medical services, etc., notwithstanding the difference between the total amount claimed in the petition and the total amount claimed in the notice, or the amount named for the injury to the plaintiff and the resulting pain and suffering.

Judgment affirmed. George and Luke, JJ., concur.