## 9221. CITY OF GRIFFIN *v.* STEWART.

Jenkins, J. 1. "An exception based upon the refusal of the court to award a nonsuit will not be considered, where, subsequently thereto, the case is submitted to the jury, and, a verdict being rendered against

the defendant, a motion for a new trial is made which presents the complaint that the verdict is contrary to the evidence, and without evidence to support it." *Dudley* v. *Isler*, 21 *Ga. App.* 615 (94 S. E. 827), and citations.

2. Whether the defendant was negligent, whether such negligence constituted the proximate cause of the injury, and whether the plaintiff could by the exercise of ordinary care have avoided the consequences of defendant's negligence, were questions which under the evidence the jury had the right to determine. The verdict being supported by evidence, and the trial judge being satisfied therewith, this court is without authority to set it aside. *Mayor* v. *Brown*, 87 *Ga.* 596 (13 S. E. 638); *City of Atlanta* v. *Milam*, 95 *Ga.* 135 (22 S. E. 43); *Brunswick &c. Railroad Co.* v. *Gibson*, 97 *Ga.* 489, 498 (25 S. E. 484); *City Council of Augusta* v. *Tharpe*, 113 *Ga.* 152 (38 S. E. 389).

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*

DECIDED MAY 16, 1918. REHEARING DENIED JUNE 12, 1918.

Action for damages; from city court of Griffin—Judge Goodrich. September 25, 1917.

*C. G. Mills,* for plaintiff in error.

*J. A. Darsey, J. R. Williams,* contra.

### ON MOTION FOR REHEARING.

JENKINS, J. 1. Counsel for the plaintiff in error presents a motion for rehearing based in part upon the ground that the brief of evidence showed that the defendant in error, in compliance with section 910 of the Civil Code (1910), had filed a claim with the governing authorities of the City of Griffin, asking for $232 damages, claiming this to be the extent of his injuries, while the verdict rendered was for $500, and that for this reason the verdict was contrary to law and the principles of justice and equity, since the governing authorities of the City of Griffin had notice only that the extent of damages to be claimed would be $232, and there is no evidence to show that a claim for a larger amount was ever presented, and that this court failed to pass upon this question in the decision rendered. While, in the statement of facts as embodied in counsel's brief, reference was made to the claim as filed with the city and the amount of the subsequent recovery, the motion for a new trial was based upon the general grounds only, and we did not understand that the question now asked to be passed upon had been thus raised and had been insisted upon in the brief. However, this question was passed upon by this court and in this particular suit when it was first brought here upon exceptions taken to the overruling of the defendant's demurrer, and it is therefore

res adjudicata. See *City of Griffin* v. *Stewart,* 19 *Ga. App.* 817 (92 S. E. 400). It was then held that "The notice given to the municipal authorities in this case sets out the time, the place, the nature of the alleged injury, and the extent of the injury; and we hold that this was at least a substantial (if not exact) compliance with the law, notwithstanding this notice claims money damages in the sum of $232, while the petition seeks to recover the sum of $500 as the 'extent' of the injuries therein complained of." The court there, and also in the case of *Williamson* v. *Savannah,* 19 *Ga. App.* 784 (92 S. E. 291), explains and differentiates the ruling made in *Mayor &c. of Macon* v. *Stringfield,* 16 *Ga. App.* 480 (85 S. E. 684). In the *Williamson* case it was held: "Where the notice served upon the governing authority of a municipality makes a claim for an amount less than that for which suit is thereafter instituted, the purpose of the law has evidently not been defeated, since the city has been thereby afforded an opportunity to adjust the claim for an amount less than that demanded in the suit, and it could not be rationally inferred, where the city declined to pay the smaller amount claimed in the prerequisite notice, that it would nevertheless have paid the larger amount thereafter claimed in the suit, and that therefore, by suing for an amount greater than that set forth in the notice, the city was denied an opportunity to adjust the claim without incurring the expense of suit."

2. The case of *Crawford* v. *Griffin,* 113 *Ga.* 562 (38 S. E. 988), was not overlooked. There it was simply held that a city was not liable for damages alleged to have been caused by a defective private bridge, not shown to have been built by the city, but constructed solely for the convenience of a particular individual, and which did not appear to have been of any public utility, or to have been generally used by the public. In the present case there was evidence going to show that the alleged defect in the sidewalk was at a point generally and frequently used as a path for the purpose of crossing the street. In the case of *City Council of Augusta* v. *Tharpe,* supra, it was held, that "It is the duty of the authorities of a city to keep and maintain the sidewalks thereof in a reasonably safe condition for public use, and this duty is not performed by keeping in such condition that part of the sidewalk only which is most generally used;" and that "it was not error to refuse to

charge the jury that one passing from the street to the sidewalk or the reverse (in a city), at any point other than a crosswalk, has no reason to expect a safe passageway, and must therefore do so at his own risk."

From what is said above, and the rulings there quoted, we think the motion for rehearing is without merit, and it is therefore denied.