### 9685. MARYON *v.* CITY OF ATLANTA.

WADE, C. J. 1. In reply to a question propounded to the Supreme Court in this case that court held: "It is not a prerequisite to suit against a municipal corporation in this State, for injury to person or property, that the written notice required under the Civil Code, § 910, should specify any amount of money claimed as damages." 149 *Ga.* (99 S. E. 116).

(*a*) Under this ruling the trial judge erred in sustaining a general demurrer to the plaintiff's petition, upon the ground that the antecedent notice required under the provisions of section 910 of the Civil Code was insufficient in that it failed to specify any amount of money as damages.

2. It was said by this court in *Mayor &c. of Macon* v. *Stringfield,* 16 *Ga. App.* 480, 481, 482 (85 S. E. 684): "The paper which this section of the code [Civil Code, § 910] requires to be presented is there designated as 'a claim for money damages;' and a claim for money should state the amount of money claimed. One of the things required by this section is a statement of the 'extent' of the injury. The reason for this requirement is obvious. The object and purpose of the statute was to require such information as would apprize the governing authority of the municipality of the amount of the claim and enable the proper officials to investigate the injury complained of and determine whether or not to adjust the demand without suit. . . The word 'extent,' as used in this section of the code, bearing in mind the *object to be accomplished by the notice* [italics ours], must include not only the nature and character of the injury for which payment is demanded, but also the amount of the damage, measured in the only terms by which the city could adjust the same, to wit, in dollars and cents." It was further held, however, in *Williamson* v. *Mayor &c. of Savannah,* 19 *Ga. App.* 784 (92 S. E. 291), that "it is not essential that the *amounts* [italics ours] claimed in both the notice and the suit should be identical." The constitutional amendment which created this court provides that "The decisions of the Supreme Court shall bind the Court of Appeals as precedents." The above-quoted ruling of the Supreme Court in this case, though directly contrary to the previous ruling of this court in *Mayor &c. of Macon* v. *Stringfield,* supra, must therefore control this question, so long as adhered to by that court; and anything to the contrary to be found in the cases of *Mayor &c. of Macon* v. *Stringfield,* supra, or elsewhere, will not be followed.

*Judgment reversed. Jenkins and Luke, JJ., concur.*

DECIDED MAY 13, 1919.

Action for damages; from city court of Atlanta—Judge Reid. April 6, 1918.

The notice referred to in the decision described an injury to the plaintiff's person, stated the time and place of the injury, and the negligence which caused it, and concluded with a prayer that, upon consideration of the claim, "just compensation for such injuries" be awarded.

*Hines & Jordan,* for plaintiff.

*J. L. Mayson, S. D. Hewlett,* for defendant.