## 16698. CITY OF DAWSON et al. v. CARTER.

JENKINS, P. J.   Plaintiff sued the city and a construction company jointly for personal injuries to himself, caused by his making use of a bridge in the public street in going from a hotel at which he was a guest to a taxicab.   He alleged that the construction company, under some contract with the city, was placing water-mains for the city in a ditch dug by the company in a public street, and, with the knowledge and consent of the city, constructed the said bridge across the ditch, "for the purpose of accommodating guests of the hotel to cross the ditch, going to and from taxicabs, to the hotel;" that the said bridge was defectively constructed, in that the planks were not fastened down but left loose; that the city had knowledge of the defective condition, which had existed for a week, and that while he was using it a plank gave way and he was precipitated to the ditch and injured.   He alleged negligence both in the construction and the maintenance of the bridge in such defective condition.   He alleged that when he crossed the bridge it was night, and that the defendants were negligent in not having lights or other devices to warn travelers of its dangerous condition; that the bridge appeared to be safe and suitable for travel and was traveled by the public, and its unsafe condition was unknown to him. The case came to this court on exceptions to the overruling of demurrers to the petition.   *Held:*

1. The petition was not subject to the demurrers of the construction company on the ground that it showed that the demurrant was not liable to the plaintiff, because it showed what that company did in the premises was done for the city.   On the other hand, it appearing that the construction company had itself been the active agency in actually constructing the bridge in a defective condition, it would be liable for such negligent construction, whether it was acting as a principal and independent contractor or as an agent of the city.   Nor was the petition subject to the other grounds of demurrer urged by the construction company.

2. The petition was not subject to the general demurrer of the city.   It was alleged that the construction company, through some contract with the city, constructed the bridge, and that the city knew of its defective condition for a week before the injury.   Therefore, the city could be held liable by proving either that it in fact constructed the bridge, or that it in fact maintained the same in a public street.   No special demurrer was filed by the city on the ground of a misjoinder of parties or of causes of action.

3. This case is distinguishable from *Crawford* v. *Mayor &c. of Griffin*, 113 *Ga.* 562 (38 S. E. 988), in that in the present case it did not appear that a private party had erected the bridge, without any active authority of the city for his own personal and private use.   In the instant case it is alleged that the bridge was maintained by the city as a public passageway across an obstruction in the street, placed there by the city, and that the public was invited to make such use of it.   In such a case the

Municipal Corporations, 28 Cyc. p. 1341, n. 29; p. 1390, n. 15; p. 1436, n. 13; p. 1465, n. 36.

city must keep the bridge in a reasonably safe condition, or suffer the consequences of its neglect. See *City of Griffin* v. *Stewart*, 22 *Ga. App.* 362, 364 (2) (96 S. E. 219).

Judgment affirmed. Stephens and Bell, JJ., concur.

DECIDED MARCH 12, 1926.

Action for damages; from city court of Dawson—Judge Edwards. July 13, 1925.

*W. T. Lane, R. R. Marlin, R. R. Jones,* for plaintiffs in error. *W. H. Gurr,* contra.