## 8255.  MAYFIELD v. CITY OF COLLEGE PARK.

1. Suit for damages was brought and process issued against the "City of College Park," alleged to be a municipal corporation. The charter of the city, referred to in the petition and process, provides that "said city is hereby incorporated under the name and style of College Park," but further provides that "said municipal government shall be styled the 'mayor and council' of the city of College Park, and by that name are made a body corporate; and as such . . may sue and be sued." Acts of 1895, p. 251 (§§ 2, 3). The suit being therefore a nullity ab initio (White v. Forsyth, 136 Ga. 634 (71 S. E. 1073), the demurrer raising the point that the defendant corporation was not sued in the name designated in its charter as the name in which it shall be sued, and that "the action, not being brought in the true corporate name of the defendant, can not be maintained in law," was properly sustained, notwithstanding the demurrer was not interposed until after appearance and pleading; and the court did not err in refusing to allow a proposed amendment to the void suit. See, in this connection, Boon v. Jackson, 98 Ga. 490 (25 S. E. 578); Town of Dexter v. Gay, 115 Ga. 765 (42 S. E. 94); Augusta Southern Railway Co. v. Tennille, 119 Ga. 804 (47 S. E. 179); Town of East Rome v. City of Rome, 129 Ga. 290 (58 S. E. 854); Gelders v. Fitzgerald, 135 Ga. 400 (69 S. E. 569); White v. Forsyth, supra.

2. In view of the repeated and uniform adjudications by the Supreme Court on the question involved, some of which have been recently made, this court does not feel that it should invite the attention of the Supreme Court to the question and ask that these decisions be reviewed, and either modified, set aside, or reaffirmed.

DECIDED APRIL 25, 1917.

Action for damages; from Fulton superior court—Judge Bell. February 4, 1916.

J. F. Golightly, for plaintiff.  A. C. Riley Jr., for defendant.

WADE, C. J.  The act of 1891 (Acts of 1890-1, vol. 2, p. 685), incorporating the Town of Dexter, in Laurens county, contains the following provisions: "Be it enacted by the General Assembly of the State of Georgia, that the town of Dexter, in the county of Laurens, be, and the same is, hereby incorporated as a town under the name of the town of Dexter. . . Be it further enacted, that the corporate limits of said town of Dexter shall be one-half mile in any direction from the depot warehouse, on the Empire and Dublin Railroad. . . Be it further enacted, that the municipal government of said town shall be vested in a mayor and five aldermen, who shall be styled the mayor and aldermen of Dexter, and by that name are hereby made a body corporate. As such they shall have perpetual succession; shall have a common seal;

may contract and be contracted with; may sue and be sued, purchase, receive, hold, possess, sell- and convey, for the use of said town, real or personal estate of any kind," etc. In construing this charter and determining the manner in which suit must be brought against the municipal corporation, the Supreme Court said, in *Town of Dexter* v. *Gay,* 115 *Ga.* 765 (42 S. E. 94), that "A municipal corporation can be sued only in the corporate name set forth in the charter. . . When the General Assembly by an act incorporates 'a town under the name of the Town of Dexter,' and declares that the municipal government of such town shall be vested in a mayor and five aldermen, who shall be styled 'The Mayor and Aldermen of Dexter, and by that name are hereby made a body corporate,' and as such may sue and be sued, such town can be sued only in the corporate name last referred to, and a suit brought against the 'Town of Dexter' should be dismissed on demurrer." The act of 1895 (Acts of 1895, p. 251), incorporating College Park, contains the following provisions: "Be it further enacted by authority aforesaid, that said city is hereby incorporated under the name and style of College Park," etc. "Be it further enacted by authority aforesaid, that the municipal government of said city shall be vested in -a mayor and six councilmen, who shall have been bona fide residents of said city for one year preceding their election to said offices. Said municipal government shall be styled the 'mayor and council' of the city of College Park, and by that name are made a body corporate; as such they shall have perpetual succession, shall have a common seal, may contract, hold, possess, sell, and convey, for the use of said city, real or personal estate of any kind; may sue and be sued; shall pass such ordinances, resolutions, and by-laws for the government of said city as they may deem proper, not in conflict with this charter or the constitution and laws of this State, or of the United States."

It will be observed that the act incorporating the Town of Dexter declares that "the town of Dexter, in the county of Laurens, be, and the same is, hereby incorporated as a town under the name of the town of Dexter;" and that the act incorporating College Park declares that "said city is hereby incorporated under the name and style of College Park." The language used in both instances is practically identical. It is further provided that the municipal government shall be vested in, a body, who in the one case "shall

be styled the mayor and aldermen of Dexter, and by that name are hereby made a body corporate," with the right of perpetual succession, etc., and under that name "may sue and be sued;" and in the other case "shall be styled the 'mayor and council' of the city of College Park, and by that name are made a body corporate," with the right of perpetual succession, etc., and under that name "may sue and be sued." In the case of the Town of Dexter, although the act declares that the municipality is incorporated as "a town under the name of the town of Dexter," yet since it further declares that the municipal government shall be vested in a mayor and five aldermen, who "shall be styled the mayor and aldermen of Dexter, and by that name are hereby made a body corporate," and as such may sue and be sued, the Supreme Court held that "such town can be sued only in the corporate name last referred to, and a suit brought against the 'Town of Dexter' should be dismissed on demurrer." This ruling is precisely in point in the case under consideration; and, since it does not appear to have been doubted or criticised by the Supreme Court, and the decisions of that court are precedents binding upon this court, until reversed or set aside by the Supreme Court itself, the ruling in the first headnote above necessarily follows.

*Judgment affirmed. George and Luke, JJ., concur.*