## STOREY *v.* TOWN OF SUMMERVILLE.

1. Where a municipality was incorporated under the name of the Town of Summerville, with the authority to sue and be sued, plead and be impleaded, etc. (Acts 1897, p. 308; Code of 1895, § 689 et seq.), and subsequently the name of the municipality was changed by act of the legislature to the City of Summerville (Acts 1909, p. 1366), with the powers hitherto conferred by the act of 1897 preserved, which included the power to sue and be sued, etc., the new municipality City of Summerville could not be sued in the name of the Town of Summerville.

2. The act of 1909, supra, is not unconstitutional for the alleged reason that the body of the act contains matter different from what is expressed in the title thereof.

3. In a suit for damages by one against the "Town of Summerville," the City of Summerville was not estopped from moving to dismiss the action by reason of the fact that a third party had entered into a contract with the Town of Summerville to make certain street improvements which, as was alleged, caused the injury, the basis of the suit.

4. The trial court did not err in disallowing the amendment to the petition, and in dismissing the action.

No. 3992.        APRIL 24, 1924.

Action for damages. Before Judge Irwin. Chattooga superior court. September 10, 1923.

*Maddox, Lipscomb & Matthews* and *James Maddox,* for plaintiff.
*Wesley Shropshire* and *Denny & Wright,* for defendant.

HILL, J. Mrs. Stella Storey brought suit against the Town of Summerville and J. B. McCrary & Co., to recover damages alleged to have been sustained by reason of the automobile in which she was riding going into an open ditch across a certain street in that town, without the proper danger signal, etc. Process was issued, directed to the defendants in the name in which they were sued. An answer was filed by the Town of Summerville, denying each and every material allegation of the petition; and thereafter the case was dismissed as to J. B. McCrary & Co., leaving the case standing against the Town of Summerville only. Subsequently a motion was made to dismiss the case on the ground that the action was not brought in the true corporate name of the defendant, viz., the "City of Summerville." The plaintiff offered an amendment attacking, upon constitutional grounds, the act of the legislature approved August 16, 1909, which changed the name of the Town of Summerville to the City of Summerville. It was alleged that the act of 1909 was unconstitutional as being in violation of art. 3, sec. 7, par. 8, of the constitution of Georgia (Civil

Code of 1910, § 6437), on the ground that the act referred to more than one subject-matter and contained matter different from what was expressed in the title. The amendment stated that "it is 'an act to create and incorporate the City of Summerville, in lieu of the Town of Summerville, and for other purposes,' when as a matter of fact said act is merely an amendment to the act creating the Town of Summerville, and said act contains other provisions other than set forth in the caption." The amendment further alleged that the defendant was estopped from denying that its corporate name was the Town of Summerville, for the reason that it had theretofore contracted with the J. B. McCrary Engineering Co., a corporation, under the name of the Town of Summerville. The court denied the amendment, on objection made by the defendant, and then sustained the motion to dismiss the case. The plaintiff excepted to these rulings.

1. The act of 1897 incorporated the Town of Summerville. Acts 1897, p. 308; Civil Code (1895), § 689 et seq. The act of 1909 (Acts 1909, p. 1366) changed the name of the municipality to the City of Summerville. The title of the act of 1909 was as follows: "An act to create and incorporate the City of Summerville in lieu of the Town of Summerville, and for other purposes." Section 1 of that act provides as follows: "That the City of Summerville is created and incorporated in lieu of the Town of Summerville, in Chattooga County. . . This act shall not be construed as destroying and ending the powers hitherto conferred upon the Town of Summerville by the General Assembly of Georgia, but is enacted in the nature of an amendment to the present charter of Summerville, and as continuing the existence of said town, but changing it to a city, reserving and saving to it in its new corporate form all the powers, rights, privileges, duties, and liabilities of said town through its charter, the amendment thereto, and the acts legally done thereunder, not inconsistent with what is herein enacted, but extending and adding the provisions of this act to the rights, privileges, powers, duties, liabilities, and limitations created by said charter of the Town of Summerville, the amendments thereto, and the acts done thereunder. The ordinances of the Town of Summerville shall be ordinances of the City of Summerville and enforceable as such until repealed or changed by the city council of Summerville." The act

then provides for the territorial limits of the City of Summerville, and that it shall be divided into four wards; also for the extension of the corporate limits; for a mayor and four councilmen, for their election, and how the election shall be held, etc.

Assuming that the act of 1909 is not open to the attack made upon it, we will consider first whether the suit was properly brought against the corporation under its changed name. In the case of *Boon* v. *Mayor &c. of Jackson,* 98 *Ga.* 490 (25 S. E. 518), this court held: "A municipality incorporated under 'the name and style of the Town of Jackson,' 'with power in and by said corporate name to contract and be contracted with, sue and be sued, plead and be impleaded,' cannot be properly sued under the name of 'the Mayor and Council of the Town of Jackson;' and accordingly, a declaration describing the defendant in the words last quoted, though it may have been designed as an action against this municipality, was rightly dismissed on demurrer." To the same effect is the case of *Town of Dexter* v. *Gay,* 115 *Ga.* 765 (42 S. E. 94), where it was held: "A municipal corporation can be sued only in the corporate name set forth in the charter." "When the General Assembly by an act incorporates 'a town under the name of the Town of Dexter,' and declares that the municipal government of such town shall be vested in a mayor and five aldermen, who shall be styled 'the Mayor and Aldermen of Dexter, and by that name are hereby made a body corporate,' and as such may sue and be sued, such town can be sued only in the corporate name last referred to, and a suit brought against the 'Town of Dexter' should be dismissed on demurrer." In *Augusta Southern Ry. Co.* v. *City of Tennille,* 119 *Ga.* 804 (47 S. E. 179), it was held: "The act of December 15, 1900, incorporating the City of Tennille, in express terms declares that no suit shall be brought against that municipality save in its corporate name, to wit, 'the City of Tennille.' Acts 1900, p. 448, sec. 3. It follows that a petition brought, apparently with a view of seeking relief against that municipal corporation, but in which process is prayed against the 'Mayor and Council of the City of Tennille, a corporation,' is not maintainable." See also *Town of East Rome* v. *City of Rome,* 129 *Ga.* 290 (58 S. E. 854); *Gelders* v. *City of Fitzgerald,* 135 *Ga.* 400, 404 (69 S. E. 569); *Walker* v. *Mayor &c. of East Rome,* 145 *Ga.* 294, 297 (89 S. E. 204); *Mayfield* v. *City of College*

*Park,* 19 *Ga. App.* 823 (92 S. E. 289). From these authorities we are of the opinion that the court did not err in dismissing the case because it was brought against the Town of Summerville instead of the City of Summerville.

2. We next consider the question as to whether the act of 1909 is unconstitutional because it contains matter different from what is expressed in its title. It will be observed that the caption of the act is "to create and incorporate the City of Summerville in lieu of the Town of Summerville, and for other purposes," and that is what the act purports to do. Prescribing the duties and powers, etc., of the municipality is a necessary incident to the creation and incorporation of a municipal corporation, and the act is not thereby rendered unconstitutional for the reason suggested. In *Sessions* v. *State,* 115 *Ga.* 18 (2) (41 S. E. 259), it was held: "Legislation having the effect to change the Town of Sandersville into the City of Sandersville is constitutional under an act entitled an act 'to alter and amend the several acts incorporating the Town of Sandersville, and to confer upon said Town of Sandersville a municipal government, with all the rights and privileges usually enjoyed by citizens of Georgia as herein set forth.'" In the opinion delivered by Mr. Justice Cobb it was said: "The decisions of this court will show that very great liberality has been allowed in determining what is the purpose indicated by the title of an act; some of them going to the extent of holding apparently that matters remotely connected with the purpose of the act as indicated by the title, if not to some extent foreign thereto, have been sustained as being not altogether foreign to the purpose indicated by the title. See *Welborne* v. *State,* 114 *Ga.* 793, and cases cited." In *Jones* v. *State,* 123 *Ga.* 129 (51 S. E. 312), this court had under consideration an act of the legislature, the caption of which was as follows: "To reincorporate the Town of Moultrie as the City of Moultrie, to confer additional powers on said corporation, and to codify, amend, and supersede all previous acts incorporating the Town of Moultrie, and grant a new charter to said town, under the name of the City of Moultrie." In delivering the opinion of the court Mr. Justice Candler said: "It is contended by counsel for the defendant in error, that the act of 1895 did not have the effect to change Moultrie from a town into a city and clothe it with the powers of a city; that not until the

passage of the act of November 20, 1901, which was subsequent to the passage of the city-court act, did Moultrie become a city; and that therefore, the court in question having been established in a town and not a city, no writ of error will lie to this court. We cannot agree with counsel in this contention. The act of 1895 evinces very plainly the legislative intent that the Town of Moultrie shall cease to exist and the City of Moultrie come into being from the date of its passage. · The purpose of the act, as stated in its title, is 'to reincorporate the Town of Moultrie as the City of Moultrie,' etc. The fact that the title also sets forth the intention to 'supersede all previous acts incorporating the Town of Moultrie, and grant a new charter to *said town,*' do not indicate, in our opinion, an intention that the charter is to be granted to it as a town, especially in the face of the express purpose that Moultrie is to be reincorporated as a city. The italicised words were perhaps loosely used; but in view of the very evident intention of the act, which throughout is in harmony with its title, this inaccuracy will not be allowed to defeat its purpose." See also *Savannah &c. Ry. Co.* v. *Jordan,* 113 *Ga.* 687 (39 S. E. 511). This court has repeatedly held that where the caption of an act contains the words "and for other purposes," this language will authorize any legislation which is germane to the general purpose of the act. See, in this connection, *Smith* v. *Macon,* 129 *Ga.* 227 (3), 231 (58 S. E. 713); *Mayor &c. of Macon* v. *Hughes,* 110 *Ga.* 795 (36 S. E. 247); *Richardson* v. *Macon,* 132 *Ga.* 122, 125 (63 S. E. 790), and cases cited; *White* v. *Atlanta,* 134 *Ga.* 532 (68 S. E. 103); *Morrison* v. *Cook,* 146 *Ga.* 570, 573 (91 S. E. 671).

It has been often declared by this court that it will not declare an act unconstitutional if the legislative intent can be ascertained and this intent can be enforced and carried out without violating the constitution of the State. It seems clearly to be the intention of the legislature, in passing the act of 1909, to incorporate the City of Summerville in lieu of the Town of Summerville; and we are of the opinion not only that this purpose is clearly indicated by the caption of the act, but also that the body of the act does not go beyond the purpose of the caption. This much of the act seems to be perfectly clear. Even if, as contended, some portion of the act is not in harmony with the caption, a question which it is not necessary now to decide, this court has recognized the rule

that if a portion of the act is complete within itself and capable of being enforced independently of other portions of the act which may be violative of the constitution, such portions as are complete and constitutional will be upheld. *Bass* v. *Lawrence,* 124 *Ga.* 75 (3) (52 S. E. 296) ; *Hawkins* v. *State,* 146 *Ga.* 134 (2) (90 S. E. 968). Besides, the amendment to the petition which attacks the act as unconstitutional does not point out specifically what is contained in the body of the act different from what is covered by the caption, the amendment merely providing "said act contains other provisions other than set forth in the caption." We are of the opinion that the portion of the act which changes the name of the Town of Summerville to the City of Summerville is not unconstitutional for any reason assigned.

3. The remaining question to be considered is on the exception to the disallowance of the second amendment proposed by the plaintiff, which is as follows: "That said defendant is estopped from denying that its corporate name is the Town of Summerville and setting up that its corporate name is the City of Summerville, for the reason that said defendant entered into a contract with J. B. McCrary Engineering Corporation, a company that was doing the work on said streets of the defendant as the Town of Summerville, and that said engineering corporation was actually engaged in work on the streets of said defendant under said contract at the time of the injury to this plaintiff, and that the ditch complained of as causing the injury to this plaintiff was a part of said work and was dug in compliance with the terms of said contract." We are of the opinion that the court below did not err in disallowing this amendment. The Civil Code (1910), § 303, provides that "Powers of all public officers are defined by law, and all persons must take notice thereof. The public can not be estopped by the acts of any officer done in the exercise of a power not conferred." We do not think, even if the authorities of the City of Summerville had made a contract with a third party to do certain work for it under a different name, that this would estop the City of Summerville, when it was sued under another corporate name, from asserting its true corporate name. If the act of 1909 was constitutional in so far as changing its former corporate name from the Town of Summerville to the City of Summerville, as we have held in the preceding division that it was, then

the plaintiff in this case was charged with notice as to what the true corporate name of the City of Summerville was; and this being true, the plaintiff is bound to take notice of, and to know, what the name of the City of Summerville is, in bringing suit against it in order to recover damages which the plaintiff may have suffered on account of the negligence of its officers or employees. It will be observed that McCrary & Co. are not pleading estoppel, but that it is a separate and independent party; and therefore we are of the opinion that the court was right in disallowing the amendment setting up estoppel.

*Judgment affirmed. All the Justices concur.*