## PEELER *v.* CENTRAL OF GEORGIA RAILWAY COMPANY;
### *et vice versa.*

1. The act of 1924 (Ga. L. 1924, p. 60) is not unconstitutional as being in violation of the constitution, art. 3, sec. 7, par. 17, or art. 3, sec. 7, par. 8, for any of the reasons assigned.
2. It was the purpose of the General Assembly in the passage of this act to exclude dependency as a prerequisite essential to a child's right to recover for the homicide of a parent; and the provision of the act entitling a child, whether minor or sui juris, to recover damages for the homicide of its parent, properly construed, makes the question whether the child is dependent upon such parent in any respect wholly immaterial.

Nos. 5408, 5409. FEBRUARY 18, 1927. REHEARING DENIED MARCH 5, 1927.

Action for damages. Before Judge Hall. City court of Macon. April 7, 1926.

*Jones, Park & Johnston,* for plaintiff.

*Harris, Harris & Popper,* for defendant.

RUSSELL, C. J. Mrs. Jane Bardwell Peeler brought a suit to recover damages of the Central of Georgia Railway Company. She was the daughter of T. A. Bardwell. On March 26, 1925, T. A. Bardwell was killed on a crossing by a train of cars operated by that railway, known as the "Southland," a through train from the middle west to Florida. He left no widow, and but one surviving child, the plaintiff. She sued for the value of his life. The defendant presented a special demurrer calling for information as to whether the daughter was dependent for support upon her father. The plaintiff amended her petition by alleging that since her marriage "she and her husband have resided at her father's home, and she has continued to be a member of his family. After the death of her mother, . . petitioner took charge of the housekeeping, and has continued since that time [ten years] to keep the house for her said father. During all this time her father paid the household expenses, and was always regarded as the head of the household. Petitioner's husband made some contribution to the support of the family, but the major portion of the expenses were borne, during the entire period and until the time of his death, by petitioner's father." The court dismissed the action, on the

Constitutional Law, 12 C. J. p. 780, n. 98.
Death, 17 C. J. p. 1212, n. 14.
Statutes, 36 Cyc. p. 1017, n. 77; p. 1027, n. 22; p. 1029, n. 25; p. 1031, n. 32; p. 1060, n. 76; p. 1148, n. 32.

ground that the plaintiff, being a married woman, was not dependent, and therefore not entitled to recover. Exception to this ruling is taken by the plaintiff, in the main bill of exceptions.

The defendant also demurred upon the ground that the act of August 18, 1924 (Ga. L. 1924, p. 60), amending section 4424 of the Code of 1910 by inserting "minor or sui juris," after the clause giving to a child or children the right of recovery for the homicide of the father, is unconstitutional, especially because it contains matter different from that expressed in the title. This demurrer was overruled, the court holding the act to be constitutional; and by cross-bill of exceptions the defendant challenges this ruling. There were a number of special grounds of demurrer, upon which the court declined to rule, and which are therefore not before us at this time for adjudication.

1. As a general rule, the constitutionality of a statute will not be passed upon if it is unnecessary to rule upon this point in order to decide a particular case. However, there is another rule of equal force and cogency, which requires that if the controlling, or at least the feature which most vitally affects, the question in a case is presented by a cross-bill of exceptions, the cross-bill should be first considered; and in view of the general importance of the question, we shall first determine whether the lower court erred in adjudging that the act of 1924 is not subject to the attacks directed against it upon the ground that it is unconstitutional. The general demurrer upon the ground that the act of the General Assembly approved August 18, 1924, amending sections 4424 and 4425, is unconstitutional, was substantially as follows: (a) Said act is null and void in so far as it seeks to give a right to a child sui juris to recover for the homicide of her father, because the act is in violation of art. 3, sec. 7, par. 17, of the constitution (Civil Code, § 6445), which provides that "No law, or section of the Code, shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made." (b) Said act is unconstitutional in so far as it seeks to give a right of recovery to a child sui juris, because said act is in violation of art. 3, sec. 7, par. 8, of the constitution, as found in section 6437 of the Code of 1910, as follows: "No law or ordinance shall pass which refers

to more than one subject-matter, or contains matter different from what is expressed in the title thereof." (c) Said act is unconstitutional in so far as it seeks to give a right of recovery for the homicide of a parent to a child sui juris, because it violates art. 3, sec. 7, par. 8, of the constitution by containing matter different from what is expressed in the title. The questions raised by these grounds of demurrer may be abbreviated into a single question, to wit, is the act referred to unconstitutional either because the law to be amended or the alteration to be made is not distinctly de-- scribed in the act, or because the amending law refers to more than one subject-matter, or because the act contains matter different from what is expressed in the title? It will be observed that this question is twofold, one relating to an alleged defect in the act, and the other to similar defect in the title of the act.

The first ground of demurrer is based upon art. 3, sec. 7, par. 17, of the constitution, and it will be observed that this paragraph makes no reference whatever to the title of the act proposed to be passed, nor any requirement whatsoever as to what it shall contain. The language of the constitution is, "No law, or section of the Code, shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending or repealing act [and not the title of the act] shall distinctly describe the law to be amended or repealed, as well as the alteration to be made." A reading of the body of the act convinces us that the statute is not subject to the infirmity of which complaint is made. The first section declares, that, "from and after the passage of this act, section 4424 of the Code of Georgia of 1910, *relating to recovery for homicide,* be and the same is hereby amended by inserting after the words 'child or children,' in the second line thereof, the words 'minor or sui juris,' and by adding to said section the following words: 'In cases where there is no person entitled to sue under the foregoing provisions of this section, the administrator of the deceased person may sue for and recover for the benefit of the next of kin, if dependent upon the deceased, or to whose support the deceased contributed, in which event the amount of the recovery shall be determined by the extent of the dependency or the pecuniary loss sustained by the next of kin.'" Then the act proceeds to fully and "distinctly describe" section 4424, the law to be amended, by quoting it word for word as it will read when

amended.   The proposed amendments having already been stated in totidem verbis as well as their allocation in the statute as it stands before amendment, it would require but a small degree of intelligence to discover the exact verbiage of the original code section sought to be amended by eliminating the few words proposed to be inserted and added in the proposed amendment.   Code section 4424 as it stood at the time the proposed amendment was offered could not be more "distinctly described" in the amending act than to quote that code section literally, and perhaps this might be said to be the most perfect way of complying literally with the constitutional requirement; but we do not think that the act falls under the inhibition of art. 3, sec. 7, par. 17, of the constitution, which forbids mere reference to the title of an act or the number of a code section in the act amending the same, when it is patent from a statement of the proposed amendment and a literal statement of the verbiage of the enactment after its amendment that the act to be amended is literally quoted and thus and thereby distinctly described.   The statement of the demurrer that "there is no description of any evidence of any intention to amend said code section 4424 so as to give a right of recovery to a child sui juris; and in so far as the said amending act seeks to alter the code section 4424 by adding a right of recovery in a child sui juris, the act does not distinctly describe the alteration to be made," is evidently based upon the misapprehension that the provisions of art. 3, sec. 7, par. 17, of the constitution refer to the title, as do those of art. 3, sec. 7, par. 8.   However, as we have shown, such is not the case; and we hold that in this instance there has been full compliance with the constitutional requirement in this respect.

It is insisted that, in violation of art. 3, sec. 7, par. 8, of the constitution, the act of 1924 now under consideration refers to more than one subject-matter, and also contains matter different, from what is expressed in the title.   It is true that the title of the act is expressly "An act to amend section 4424 and 4425 of the Code of Georgia of 1910, relating to recovery for homicide, by providing for recovery by the administrator of the deceased for the benefit of the next of kin, if dependent upon the deceased," and no express reference to the subject of recovery by a child sui juris is contained in the caption; but, in addition to the portion of the title just quoted, the title concludes with the words "and for other

purposes." The demurrant contended that the act now before us referred "to more than one subject-matter than the subject-matter with which it was the evident intention of the amendment to deal, to wit: the matter of providing for . . recovery . . by the administrator . . for the benefit of the next of kin. This, the other subject-matter, is the adding to the list of persons entitled to recovery for the homicide of the parent a child sui juris." And the defendant contends that recovery by a child sui juris is not germane to a recovery by the administrator for the benefit of the next of kin, whereby the act in question violates the named paragraph of the constitution by referring to more than one subject-matter. This argument loses sight of the fact that the general purpose of the act is stated in the title as a whole, and the contents of an act are not to be derived from segregated portions of the caption. By using the words "relating to recovery for homicide," the General Assembly in the title of this act declared its purpose to amend both sections 4424 and 4425, relating to recovery for homicide. This is the first clause in the title or caption of the act. The title then proceeds to state that it is to be amended in at least two respects; one, by provision for recovery under certain circumstances for the benefit of the next of kin (who theretofore had no right of recovery), and the other, for other purposes.

The words "for other purposes" have frequently been held by this court as sufficient to comply with the requirement of art. 3, sec. 7, par. 8, of the constitution, provided the other purposes, no matter how many they may be, are incidental and germane to the general scheme or purpose of the act. Despite the warning of the Yazoo Fraud, in view of these decisions we have frequently held that the words "for other purposes" in a title are sufficient to apprise the General Assembly that they may anticipate and expect to find in an act the title of which contains these words any legislation upon the same subject as that especially referred to in the caption. In the present case the General Assembly were told that they were going to amend the law "relating to recovery for homicide," not only by providing for recovery for the benefit of the next of kin, but "for other purposes." Thus they were informed that there were going to be other amendments than provision for the next of kin in the provisions of sections 4424 and 4425. The words "for other purposes" under these circumstances supplied,

under the frequent rulings of this court, that notice of the probable contents of the bill which the constitution requires. *Harrell* v. *Cane Growers Co-operative Association,* 160 *Ga.* 30 (126 S. E. 531), and cit. The code sections were to be amended by providing for other purposes; and since it can not be questioned that the amendment inserting the words "minor or sui juris" is perfectly germane to the purpose of the act, as well as to the purpose of the amendment with relation to next of kin as specifically stated in the title, we think the court correctly held that the act was not unconstitutional. The provision as to recovery by a child sui juris, for the homicide of a parent, certainly related to "recovery for homicide," as expressly stated in the title; and it was not a case in which the legislation included two subject-matters in either the title or the body of the act, nor a case in which the act contains matter not referred to in the title. "Provisions germane to the general subject-matter embraced in the title of an act, and which are designed to carry into effect the purposes for which it was passed, may be constitutionally enacted therein, though not referred to in the title otherwise than by the use of the words, 'and for other purposes.'" *Banks* v. *State,* 124 *Ga.* 15 (52 S. E. 74, 2 L. R. A. (N. S.) 1007). This is true although the title specifically mentions a certain purpose, as in the present instance, and does not include others except by the general expression "and for other purposes." *Richardson* v. *Macon,* 132 *Ga.* 122 (63 S. E. 790) ; *Storey* v. *Summerville,* 158 *Ga.* 182, 186 (123 S. E. 139) ; *Branson* v. *Long,* 159 *Ga.* 288, 293 (125 S. E. 500), and cit.

2. The second ground of the defendant's demurrer, which the court sustained, is based upon the proposition that unless a child who is sui juris is dependent upon its parent in some way, such child is not entitled to recover for the tortious homicide of such parent. We can not concur in the ruling of the lower court. We think it plain that the only intention of the General Assembly, in inserting into section 4424 of the Code the words "minor or sui juris," was to give an unqualified right of action upon the sole ground of relationship existing between parent and child. We deem the use of these words as an explicit declaration on the part of the General Assembly that a child, by virtue of the relationship, has an interest of value in the life of its father, for which it is entitled to recover if deprived thereof by the tort of another. It

is true that this court has hitherto held that it was not enough to say that a child should have the right to thus recover to thereby include children who had attained their majority; this court having frequently held that, in view of the fact that no obligation rests upon a parent to support his children who are sui juris, the word "child" must be construed to refer alone to children dependent by reason of minority upon the father for support. Our rulings have therefore carried with them the implication that unless a child was dependent upon the father, he had no right to recover in damages for the homicide of the father. Upon this theory the decisions in *Mott* v. *Central Railroad,* 70 *Ga.* 680 (48 Am. R. 595), *W. & A. R. Co.* v. *Harris,* 128 *Ga.* 394 (57 S. E. 722), *Beale* v. *Georgia Railway & Power Co.,* 150 *Ga.* 774 (105 S. E. 447), and similar cases, were based. Thus interpreted, the only law before the legislature undertook to amend it in 1924 was as follows: A widow, or, if no widow, a minor child or minor children dependent upon the deceased, may recover for the homicide of the husband or parent. It is perfectly plain that it was the purpose of the General Assembly in the passage of the act of 1924 to undertake to change and remedy that construction of the then existing law. As construed by this court, the right of action for the homicide of a father was confined to minor children dependent upon the deceased. The General Assembly, as it had the power, determined to change the law so as to include all the children of a father, whether minors or sui juris. It included all children without regard to actual dependency, or the dependency which might be implied from minority and the obligation of the father to support a minor. It gave the right of action, whether they were minors or whether they were sui juris, to both those who were minors and those who were sui juris, thereby making the question of dependence absolutely immaterial. For this reason decisions construing sections 4424 and 4425 prior to the passage of the act of 1924, and requiring dependency as a qualification before a child would be entitled to recover for the homicide of its father, are not longer in point. Giving the language of the act of 1924 its plain ordinary meaning, as the Code prescribes, the language "a widow, or, if no widow, a child or children, minor or sui juris, may recover for the homicide of the husband or parent," leaves no room for implication of any qualification to entitle a widow or child of

a husband or father who has been tortiously killed, other than the mere relationship named. Certainly a widow would not be excluded from recovering, if at the time of the homicide she was living separate from her husband and was a woman of large financial means. Language used in decisions prior to the amendment of 1924, imposing by construction the additional requirement that the word "child" was not used in its generic sense, but in the special sense of dependency, and therefore that no child except one dependent was entitled to recover, the words "dependent upon the deceased" would have to be supplied as much after the word "widow" in the Code section as after the words "child or children." From the history of legislation upon this subject it is plain that it was the purpose of the General Assembly in 1924 to at last put the subject-matter of the right to recover in behalf of children growing out of the value of a father's life to a child beyond construction or question. It is so plain that he who runs may read and he who reads may understand.

In our opinion, too, it is most reasonable legislation. Aside from any consideration based upon age or dependency, the value of a father's society, advice, example, and counsel is an element of inestimable value to a child. It is perhaps true, too, that the value of each of these items increases as the child grows older; so that there is no reason why a child sui juris should not be allowed to participate on equal terms with those of his brethren who may be minors, in the value of a father's companionship, counsel, advice, and assistance of which he as well as they have been wrongly deprived by a tort-feasor. But aside from this, the act of 1924 gives to the children for the homicide of a parent the full value of that parent's life; and in many instances this would be an element of very substantial value to the children, whether minors or sui juris. Yes, even though all the children were sui juris. In expectancy, at least, every child has a right to an equal share in the property belonging to his parent at the time of his or her death; and as the recovery is for the full value of the parent's life, cases will readily suggest themselves where the recovery would be capable of practically accurate calculation and be extremely substantial in a material way. Suppose a father is earning $50,000 a year in his profession or business, in excess of the expenses of living, and he has an expectancy of twelve years of life at the time

of his homicide. Under certain circumstances a jury would be authorized to find that the value of his life was $500,000, or other large sum. To apply to the act of 1924 the construction upon which counsel for the defendant in error insists would be to deprive the children of the right of recovery given by the act of 1924 altogether, if such children happened to be able to support themselves, and this no matter how aggravating the circumstances of the homicide might be. The act of 1924 must be assumed to be an effort on the part of the General Assembly to so amend the law as to forbid and prevent any construction whereby dependency on the part of a child can be imposed as a condition precedent to his exercising the right of recovery extended to all children, whether minors or sui juris.

*Judgment, on main bill of exceptions, reversed; on cross-bill, affirmed. All the Justices concur, except Beck, P. J., and Gilbert, J., dissenting.*

GILBERT, J. 1. I can not concur in the conclusion reached by the majority of the court on either of two points decided. Treating them in inverse order, I am of the opinion that the trial court did not err in sustaining the second ground of demurrer to the petition. Considering the act of 1924 on the theory that it is constitutional, the amendment leaves unimpaired the previous rulings of this court to the effect that a child suing for the homicide of the father must allege and show that such child is dependent upon the father for support. As stated in the majority opinion, such had been the construction placed upon Civil Code § 4424. Two efforts had been made to review and overrule the earlier decisions upon this point, and in both instances this court denied the motions. The act of 1924, by inserting the words "minor or sui juris," after the word "children," in the second line of the section, merely enabled adult children as well as minors to sue for the homicide of the father, and left unchanged the rule that required allegation and proof of dependency. I think this is a necessary construction of that part of the section as amended. There are good reasons to believe that the General Assembly so intended it. For illustration, suppose that a father had ten children, nine of whom were adults and self-supporting, and one a minor dependent on the father. In case of a recovery the dependent child, under the ruling of the majority, would receive only one tenth thereof;

whereas those children who were amply able to provide for themselves would take nine tenths. This argument has no force beyond a question of what was the intention of the General Assembly. I am aware that where the language is plain the intention will not be inquired into.

2. I also dissent from the conclusion reached on the constitutional question. I think the act of the General Assembly, in so far as it amended the second line of the section by inserting the words "minor or sui juris," is in conflict with article 3, section 7, paragraph 8, of the constitution of Georgia (Civil Code, § 6437), to wit: "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof." I concede that a section of the Code may be constitutionally amended where the caption merely refers to the number of the section, provided the act, considered in its entirety, distinctly describes the section to be amended. If thus described, the act does not violate article 3, section 7, paragraph 17, of the constitution (Civil Code, § 6445). What I hold is that the act violates the first above-named section of the constitution. Its caption is as follows: "An act to amend section 4424 and 4425 of the Code of Georgia of 1910, *relating to recovery for homicide, by providing for recovery by the administrator of the deceased for the benefit of the next of kin, if dependent upon the deceased, and for other purposes.*" (Italics mine.) The provision of the caption which I have italicized clearly shows, so far as the caption may indicate, that the intention of the legislature was to amend the Code section only in respect to suits brought by the administrator of the deceased. No member of the General Assembly, reading the caption or hearing it read, would have had the remotest idea that the act contained an amendment of such a radical nature as one whereby an adult child might bring suit for the homicide of the father on an equal basis with a minor dependent child. It is well settled that the words "and for other purposes," when contained in the caption of an act, constitute sufficient notice that all legislation germane to the subject specifically named may be included in the act. Giving those words the construction stated, it appears to me that they gave notice that other matters germane to the bringing of a suit by the representative of the deceased under that section of the Code might be found in the body of the

act. If the caption had merely contained the statement, "An act to amend section 4424 and 4425 of the Code of Georgia of 1910," and there ended except for the words, "and for other purposes," such caption would have given notice that the body of the act might contain any legislation germane to the provisions of such Code section; but when the caption went further and contained the language italicized above, this was express notice that the act contained no legislation touching any other provision of the Code section except that relating to the suits by the administrator of the deceased. I am authorized to say that Presiding Justice Beck concurs in this dissent.