28226. CITY OF HARTWELL *v.* SHULTZ.

DECIDED APRIL 11, 1940.

*A. S. Carey, & Hugh Skelton,* for plaintiff in error.
*B. B. Zellars, W. L. Hailey,* contra.

STEPHENS, P. J. Mrs. O. H. Shultz brought suit in the superior court of Hart County against the "City of Hartwell," in which she sought to recover for an alleged breach of duty due her by the defendant in the maintenance of a bridge located in the City of Hartwell. The defendant moved to dismiss the action, on the ground that the "suit should have been filed against the Board of Aldermen of the City of Hartwell, and not against the City of Hartwell," and that "said Board of Aldermen of the City of Hartwell is constituted by law a body politic and corporate, and by that name is authorized to sue and be sued." The court overruled this motion, and the defendant excepted. The act of November 4, 1889 (Ga. L. 1889, p. 924), which is amendatory of the act of February 26, 1856 (Ga. L. 1856, p. 382), provides "that the municipal authorities of the Town of Hartwell shall be five aldermen who shall form a common council," and "that the said board of aldermen shall be a body politic and corporate by the name of the Town of Hartwell, and shall have perpetual succession, and a common seal, and by that name sue and be sued, plead and be impleaded." The corporation created thereby was "Town of Hartwell," and by that name the corporation could sue and be sued. By an act of August 13, 1904 (Ga. L. 1904, pp. 478, 479), it was provided that the territory embraced in what is known as the "Town of Hartwell" in the County of Hart should be incorporated as the "City of Hartwell" in the County of Hart, and that said territory should thereafter be known and designated as the "City of Hartwell." The corporate name of the "Town of Hartwell" was thereby changed to the "City of Hartwell." Under the name "City of Hartwell" the corporation created may sue and be sued. The case of *Mayfield* v. *College Park,* 19 *Ga. App.* 823 (92 S. E. 289), cited and relied on

516

by the plaintiff in error, in which it was held that a suit against the City of College Park was a nullity by reason of the fact that in the act incorporating "The City of College Park," it was specifically provided that "said municipal government shall be styled the Mayor and Council of the City of College Park, and by that name are made a body corporate, and as such . . may sue and be sued," is clearly distinguishable. The court did not err in overruling the motion to dismiss the action.

*Judgment affirmed. Sutton and Felton, JJ., concur.*