19355. SEARS *v.* MINCHEW, Administrator, *et al.*

Argued May 15, 1956—Decided June 12, 1956.

*J. D. Blalock, Benjamin Smith, Jr.,* for plaintiff in error.

*Ben A. Hodges, Robert B. Sumner, E. R. Smith, Jr.,* contra.

DUCKWORTH, Chief Justice. ■ It is a sound principle of law that title and disposition of land are exclusively subject to the laws of this State, and Georgia alone can prescribe the method by which title can pass from one person to another. *Chidsey* v. *Brookes,* 130 *Ga.* 218, 220 (60 S. E. 529, 14 Ann. Cas. 975). This general principle includes all rules which govern the descent, alienation, and transfer of such property and the validity, effect, and construction of wills and other conveyances. 11 Am. Jur. 328-331, § 30. The above general principles being in effect in this State, and the laws of descent and distribution, although statutory, being in effect a codification of the common law, the children of a deceased person would inherit from him under Code § 113-903 unless some other Georgia statute might prevent them from so doing. The answer to question (1) is, that the laws of Georgia will control the question of whether or not a child of a deceased natural father, adopted by other parties with the consent of the father in another State, may inherit from him.

■ The language of the Georgia statute, which must be studied for an answer to the other question as to whether an adopted child is divested of his right to inherit from its natural parents, is: "the parents of the child shall·be divested of all legal rights or obligations from them to the child or from the child to them. . ." The language is plain and unambiguous whether or not it expresses the legislative intent at the time this legislation was passed. The subject of the sentence is the word "parents," and it refers to the divesting of their legal rights or obligations to the child or from the child. It does not refer to the rights of the child to divest it of anything whatsoever, and the adoption statute being in derogation of the common law, such would be

necessary to take from the child any rights of inheritance under the laws of descent and distribution. See 1 Am. Jur. 644, § 64; 80 A. L. R. 1398; *Hackney* v. *Rome*, 33 *Ga.* 231, 234; *Standard Steel Works Co.* v. *Williams*, 155 *Ga.* 177, 181 (116 S. E. 636); *Thompson* v. *Watson*, 186 *Ga.* 396, 405 (197 S. E. 774, 117 A. L. R. 484); *State* v. *Camp*, 189 *Ga.* 209 (6 S. E. 2d 299); *Lefkoff* v. *Sicro*, 189 *Ga.* 554, 565 (6 S. E. 2d 687, 133 A. L. R. 738); *New Amsterdam Casualty Co.* v. *McFarley*, 191 *Ga.* 334, 337 (12 S. E. 2d 355); *Macon, D. & S. R. Co.* v. *Porter*, 195 *Ga.* 40, 41 (22 S. E. 2d 818).

It is insisted that the 1949 amendment to the adoption law repealed by implication the right of the child to inherit from its natural parents, since the adoption statute as amended fully replaced the natural parent or parents with the adopting parents, and by such laws the adopted child is deemed to be "a natural child of petitioner or petitioners" for adoption. This amendment clarified the rights of the child adopted, but it certainly did not intend to take from that child any rights it already had. Nor does the adoption statute fully replace the natural relationship with a new set of parents with all the rights and benefits of the natural parents, since the statute clearly points out that the petitioner or petitioners may never inherit from the child. The argument is also made that the result is that the adopted child would have two sets of parents. Certainly a child would have under this law, natural parents, which he must have to come into this world, and adopted parents, who have been given certain legal rights, although the natural parents would no longer be held legally responsible for the child's care and welfare; but the law can not abrogate the actual birth and blood relationship between them.

As stated in the *Lefkoff* case, statutes are not understood to effect a change in the common law beyond that which is clearly indicated by express terms or by necessary implication. There was no express intent to amend the statute of descent and distribution here, and there is certainly no implied amendment taking from children their rights to inherit from the blood.

The answer to 2 (a), (b) and (c), is no.

*Certified questions answered. All the Justices concur.*