### 36093. SEARS v. MINCHEW, Administrator, et al.

GARDNER, P. J. 1. "The general tendency of the courts is to give a child regularly adopted under the laws of one state the same right of inheritance under the laws of another as is given in such other to children adopted under its own laws." 1 Am. Jur. 667, § 66. In the administration of an estate in Georgia, the minor child of the deceased will inherit under Georgia law, regardless of the fact that she was, prior to the death of her natural father, adopted by another in the State of Florida.

2. Under the principles of common law a child is entitled to inherit from its natural father who dies intestate, and this rule is generally applied even though the child has been adopted by another and is also entitled to inherit from its adoptive parents in the absence of statute expressly prohibiting the right of such adopted child to inherit from its natural parents. See annotation in 37 A. L. R. 2d 336.

3. Since there is no language in Code (Ann. Supp.) § 74-414 relating to the rights of adoptive children which expressly or by necessary implication forbids the adopted child to inherit from natural parents dying intestate, the common-law rule prevails and such adopted child will inherit along with other children and the spouse of the deceased under the provisions of Code § 113-9, regardless of whether or not it also has a right of inheritance from its adopted parents. *Sears* v. *Minchew, 212 Ga. 417.*

The trial court did not err, in an action for declaratory judgment filed by the administrator of the intestate, in holding that the minor child of the deceased (who had prior to his death been adopted by another) was entitled to share in the distribution of the estate.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED JULY 2, 1956.

*Benjamin Smith, Jr., J. D. Blalock,* for plaintiff in error.
*E. R. Smith, Jr., Ben A. Hodges, Robert B. Sumner,* contra.