McFADDEN, Presiding Judge,
dissenting.
The statute before us expressly grants a right to review by this court. It provides, “either a child or the prosecuting attorney, or both, have the right to have [transfer orders] reviewed by the Court of Appeals.” OCGA § 15-11-564 (a).
For that reason I respectfully dissent from the majority’s holding thatOCGA§ 15-11-564 invokes the procedure set out at OCGA § 5-6-34 (b), which the appellate courts call the interlocutory appeal procedure. That procedure does not afford a right to review by an appellate court. Appellate review under that procedure is available only by the grace of the trial court. It is conditioned on the trial court’s grant of a certificate of immediate review. OCGA § 5-6-34 (b). And the appellate courts “will not review the discretion vested in the trial court in granting or refusing a certificate for immediate review of interlocutory rulings.” Houser v. State, 234 Ga. 209, 212 (7) (214 SE2d 893) (1975).
I agree that we must consider whether the General Assembly’s use of the word “interlocutory” in OCGA § 15-11-564 is an invocation of the procedure set out at OCGA § 5-6-34 (b). But I would hold that it is not.
If the General Assembly had meant to overturn the case law on which appellants relied in bringing this appeal, it would have done so expressly — not by implication. As a well-regarded treatise notes, “A fair construction ordinarily disfavors implied change.’’Antonin Scalia and Bryan A. Garner, Reading Law, § 52, p. 318 (2012). Onthatpoint, Georgia law is in full accord with that treatise.
“All statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it. They are therefore to be construed in connection and in harmony with the existing law, . . . and their meaning and effect is to be determined in connection, not only with the common law and the constitution, but also with reference to other statutes and the decisions of the courts.” Thornton v. Anderson, 207 Ga. 714, 718 (64 SE2d 186) (1951). “[S]tatutes are not understood to effect a change *739 in the common law beyond that which is clearly indicated by express terms or by necessary implication.” Sears v. Minchew, 212 Ga. 417, 420 (2) (93 SE2d 746) (1956).
Avnet, Inc. v. Wyle Labs., 263 Ga. 615, 619-20 (2) (437 SE2d 302) (1993).
The inference that the statute implicitly overturned that case law is further weakened by the fact that nowhere else in the Code does the General Assembly rely on the word “interlocutory” to invoke the OCGA § 5-6-34 (b) procedure. The word “interlocutory” appears in only two places in the Appellate Practice Act (the “Act”). Neither involves the OCGA § 5-6-34 (b) procedure. On the contrary, OCGA § 5-6-34 (a) (4) grants a right to direct appeal from “judgments or orders granting or refusing applications for receivers or for interlocutory or final injunctions.”
The other place the Act uses “interlocutory” is subsection (b) of OCGA § 5-6-35, the statute setting out the discretionary appeal procedure. (The Act does not use the expression “discretionary appeal procedure” either.) Subsection (b) addresses appeals under OCGA § 5-6-35 from interlocutory judgments: “The application shall specify the order or judgment being appealed and, if the order or judgment is interlocutory, the application shall set forth, in addition to the enumeration of errors to be urged, the need for interlocutory appellate review.” OCGA § 5-6-35 (b). The legislature appears to have had in mind non-final orders for which an immediate appeal is authorized but which are subject to the discretionary appeal procedure — for example, appeals from partial grants of summary judgment in divorce cases. See OCGA §§ 9-11-56 (h); 5-6-35 (a) (2).
In OCGA § 9-11-56 (h), by the way, the word “interlocutory” is conspicuous by its absence. Subsection (h) notes that denials of summary judgment (in contrast to grants and partial grants) are subject to “review by direct appeal in accordance with subsection (b) of Code Section 5-6-34.”
The phrase “interlocutory appeal” does appear in subsection (c) of OCGA § 5-7-1, the statute specifying when the state can appeal. But after using that expression, the General Assembly specifies, “as provided in Code Section 5-6-34.”
The inference that the General Assembly’s use of “interlocutory” is an invocation of OCGA § 5-6-34 (b) is still further weakened by another consideration. The express intent of OCGA § 15-11-564 is to extend to the state an appeal right previously afforded only to the child. The rule superseded by OCGA § 15-11-564 was “[a]n order transferring a case from juvenile to superior court pursuant to OCGA § 15-11-39 is a final order and directly appealable.” Rivers v. *740 State, 229 Ga. App. 12, 13 (1) (493 SE2d 2) (1997). Careful legislators might have seen a double jeopardy argument lurking in the phrase “final order” and declared transfer orders interlocutory in order to cut off that argument.
Decided February 21, 2017
Reconsiderations denied March 15, 2017
Altman Law Firm, Carolyn J. Altman, for appellant (case no. A16A2209).
Ernest C. Crosby, for appellant (case no. A16A2210).
The Bishop Law Group, Thinel Bishop, for appellant (case no. A16A2211).
Christy E. Draper, for appellant (case no. A16A2212).
James J. Anagnostakis, for appellant (case no. A16A2213).
Brian K. Fortner, District Attorney, Kristi W. Wilson, Assistant District Attorney, for appellee.
The inference that the General Assembly invoked OCGA § 5-6-34 (b) is weakened even more by the fact that transfer orders in this context are very different, from other transfer orders. Unlike, for example, transfers from one superior court to another, the transfer of a delinquency case from a superior court to a juvenile court changes the nature of the case. The “central purpose” of a delinquency proceeding is “rehabilitation and treatment of the child and not punishment.” In re L.C., 273 Ga. 886, 887 (1) (548 SE2d 335) (2001); see also OCGA § 15-11-470. But upon transfer to superior court, the delinquency petition is dismissed, OCGA § 15-11-566, and the case proceeds as a felony prosecution. See OCGA § 15-11-561 (a) (3).
All of this does not absolutely foreclose an inference that the legislature intended to invoke the procedure set out at OCGA § 5-6-34 (b). But particularly in light of all of this, such an inference must give way to the proposition that when the General Assembly expressly granted “the right to . . . review[ ] in the Court of Appeals,” OCGA § 15-11-564 (a), it meant what it said and said what it meant.