## 9604

### GLOVER v. HEYWARD.

#### (91 S. E. 316.)

APPEAL AND ERROR—ORDERS APPEALABLE—DISCRETION OF TRIAL COURT—STATUTE.—Under Code Civ. Proc. 1902, sec. 368, providing that if defendant fails to appear before the magistrate, and if it is shown by the affidavits served by appellant, or otherwise, that manifest injustice has been done, and he satisfactorily excuses his default, the Court may, in its discretion, set aside or suspend a default judgment, and order a new trial, the revocation of an order staying proceedings on such judgment, in the absence of any showing of an abuse of the trial Court's discretion, is not appealable.

Before SMITH, J., Columbia, May, 1916. Appeal dismissed.

Proceeding by W. H. Glover against B. R. Heyward to foreclose a mechanic's lien. From an order of the Circuit Court, on defendant's appeal from a default judgment in a magistrate's Court, dismissing the appeal and revoking the order staying the proceedings, defendant appeals.

*Messrs Johnstone & McLain,* for appellant, cite: Code Civ. Proc., secs. 405, 225; Civil Code, secs. 4120, 4121, 4122, 4126; 20 S. C. 500; 22 S. C. 534; 43 S. C. 173.

*Mr. Barnard B. Evans,* for respondent, submits: *Order is not appealable:* 76 S. C. 193; 79 S. C. 265; 70 S. C. 178, 216; 74 S. C. 366; 79 S. C. 198; 56 S. C. 28; 52 S. C. 305; 56 S. C. 28; 56 S. C. 12, 28. · *Notice of appeal defective:* 10 Mod. Am. Law 101; Code Civ. Proc., sec. 206; Rules Circuit Court, 12, 13. *No proper proof of service:* Code Civ. Proc., sec. 183; 13 S. C. 198; 19 S. C. 602. *Effect of omission:* 30 S. C. 607; 77 S. C. 155. *Question not passed on below:* 51 S. C. 366; 54 S. C. 223; 60 S. C. 392; 63 S. C. 123. *Hearing on return:* Code Civ. Proc., sec. 405.

February 10, 1917.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

This was a proceeding in a magistrate's Court, to fore-
close a mechanic's lien.    Judgment was given against appel-
lant by default.    From this judgment appellant appealed to
the Circuit Court.    The case was heard by his Honor,
Judge Mendel L. Smith, who made the following order:

"This case was heard by me on the return to show cause
directed to the plaintiff why a former order issued by me
should.not be set aside and the case heard on the merits.    I
ordered the case docketed by the clerk, and, after hearing
the return of the plaintiff, heard the matter on the merits.
It is ordered that the appeal is hereby dismissed, and that
the order staying the proceedings, dated May 17, 1916, is
hereby revoked and of no effect."

From this order this appeal is taken.    The respondent
raises the point that the order of Judge Smith is not appeal-
able.    The point is well taken, and is sustained under *Carey*
v. *Tolbert,* 79 S. C. 264, 60 S. E. 674, where it is said:

"The respondent's attorney raises the preliminary ques-
tion whether the order is appealable.    Section 368 of the
Code provides: 'If the defendant failed to appear before
the magistrate, and it is shown by the affidavits served by
the appellant, or otherwise, that manifest injustice has been
done, and he satisfactorily excuses his default, the Court
may, in its discretion, set aside or suspend judgment and
order a new trial.'    The order of his Honor, the Circuit
Judge, in refusing the defendant's motion was discretionary,
and, as the appellant has failed to satisfy this Court that his
discretion was abused, the order is not appealable.

"It is the judgment of this Court that the judgment of the
Circuit Court be affirmed."

No abuse of discretion is shown here.    The appeal is dis-
missed.