## 11748.  CITY OF ROME v. HERRON.

BROYLES, C. J.  1. Even if the suggestion of counsel for the plaintiff in error to the court could be treated as a formal motion to suspend the trial and allow the jury to visit and inspect the place where the injury sued for occurred, the judge did not abuse his discretion in denying it. Applications of this character are always addressed to the sound discretion of the court.  *Macon Railway & Light Co.* v. *Vining,* 120 *Ga.* 511 (48 S. E. 232), and citations.

2. Grounds of the motion for a new trial which complain of the admission of testimony as to pain and suffering on the part of the plaintiff, and that counsel for the plaintiff was permitted to comment on this testimony in his argument to the jury although the plaintiff's petition did not ask a recovery for pain and suffering, are without merit, since the record discloses that no objection was offered to the admission of this evidence or to the argument of counsel, and the court charged the jury that the plaintiff could not recover any thing for pain and suffering.

3. Where in a suit for personal injuries against a municipal corporation, the plaintiff alleges in his petition that more than thirty days prior to the filing of his suit he gave to the governing authorities of the municipality the notice required by section 910 of the Civil Code (1910), and attaches to the petition, as an exhibit, a copy of such notice, complying substantially with the requirements of the code, an evasive answer to this paragraph of the petition will be treated as an admission that the required notice was given as alleged in the petition, and the plaintiff is relieved from making proof of the same.  *Mayor &c. of Madison* v.

*Bearden*, 22 *Ga. App.* 376 (96 S. E. 572), and citations. In the instant case the defendant's answer contains such an evasion, and the court did not err in so ruling.

4. The ground of the motion for a new trial alleging that the verdict is excessive, not being referred to in the brief of counsel for the plaintiff in error, is treated as abandoned.

5. The evidence authorized the verdict, and the court did not err in refusing to grant a new trial.

6. It not appearing to this court that the writ of error was prosecuted for delay only, the request of the defendant in error for damages is denied.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 15, 1920.

Action for damages; from Floyd superior court — Judge Wright. June 25, 1920.

*Max Meyerhardt,* for plaintiff in error.

*Maddox & Doyal,* contra.