RAINES *v.* STOKELEY *et al.*

BECK, P. J.  1. The description in the petition of the lot of land for the conveyance of which specific performance was sought was sufficiently definite to identify the subject-matter of the contract of sale.

2. Under the evidence in the case it was a question for the jury to decide whether the parol contract for the sale of the land was made out so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement.

3. There was a general statement in the plaintiff's testimony to the effect that she " offered her [the defendant of whom specific performance is sought] what the balance was on the lot that I was claiming. . . She didn't take the money, but I am still willing to pay it to her;" and, besides, a letter was introduced in evidence from the plaintiff to the defendant, stating that she makes tender of the money; and this testimony in regard to tender was uncontroverted. Such evidence would have authorized the jury to find that a tender of the balance due of the purchase-money for the lot in controversy was duly made.

4. If the defendant in the case had desired to challenge the right of the plaintiff to proceed against the widow of the vendor of the land, who is alleged to be the sole heir of her deceased husband, and to have

specific performance of the husband's contract, without making the administrator of the latter a party, this question should have been raised by demurrer, and not by a motion for nonsuit.

5. While there was a general demurrer to the petition and also a special demurrer upon the ground that no definite or special time was alleged within which the plaintiff was to make payment of the unpaid balances of the purchase-money, no ruling upon this demurrer seems to have been invoked; and the question thus properly raised by demurrer and presumably abandoned could not avail the defendant in his motion for a nonsuit.

6. Under all the evidence in the case the same should have been submitted to the jury under proper instructions from the court.

*Judgment reversed. All the Justices concur, except Hill, J., absent.*

No. 2307. SEPTEMBER 30, 1921.

Equitable petition. Before Judge Hodges. Oglethorpe superior court. September 20, 1920.

The petition describes the land in question as follows:

" All that tract or parcel of land lying, situated, and being in Crawford district in said State and county, on the south side of the public road leading from Crawford to Athens, about one (1) mile west of the Georgia Railroad station at Crawford, containing one (1) acre, more or less, and fronting said public road, which bounds it on the north, and adjoining on the west land of Austin Chambers, colored, on the south lands of Betsy Gales, colored, and the lot whereon said Gales now resides, and on the east lands of the estate of Dr. George Little, deceased, and being the lot of land cultivated by Betsy Gales in cotton during the year 1919."

*Phil. W. Davis Jr.,* for plaintiff.

*W. W. Armistead, Hamilton McWhorter Jr.,* and *Tutt & Brown,* for defendants.