### 12545. CITY OF EAST POINT v. HENDRIX.

HILL, J. 1. The plaintiff's petition contains the allegation that " before filing this suit he filed a petition with the mayor and council of the City of East Point, asking them to compensate him for his said injury as before alleged, but they failed and refused to do so." The evidence in support of the allegation is as follows: " Before filing this suit I filed a written petition with the mayor and council of East Point. I was down there when this was read to the mayor and council. My recollection is that it was about three months before I filed this suit. . . Colonel Clarke [petitioner's attorney] handed that notice to them. I saw him hand it to them." *Held*, that this was sufficient to show a substantial compliance with § 910 of the Civil Code of 1910.

2. The evidence was amply sufficient to show that the bridge, the defective condition of which caused the plaintiff's injury, was a part of a public street of the defendant municipality. It had been used by the public for years as a sidewalk and had been repeatedly worked, and the bridge repaired by the municipal authorities. *Mayor &c. of Americus* v. *Johnson*, 2 *Ga. App.* 378.

3. The amount of the verdict is large and generous; but this court cannot hold, in view of the evidence and its approval by the trial court, that it is " so excessive as to justify the inference of gross mistake or undue bias." Civil Code (1910), § 4399.

> *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
> DECIDED OCTOBER 7, 1921.

Damages; from Fulton superior court — Judge George L. Bell. March 18, 1921.

The plaintiff obtained a verdict $2500 on personal injuries he sustained by the breaking of a plank in a bridge over which he was walking, whereby his foot and leg were thrust several feet downward into the opening. The defendant excepted to the refusal of a new trial; the grounds of its motion being indicated by the headnotes.

*Guy Parker*, for plaintiff in error. *J. Caleb Clarke*, contra.