14499.   WILLIAM ALSBERG & CO. INC. *v.* HARPER MANUFACTURING COMPANY.

STEPHENS, J.   1. The right of a seller, after a breach of contract of sale by a purchaser, to store and retain the property for the purchaser's benefit and recover the contract price, as provided in the Civil Code (1910), § 4131, is not waived by any abandoned attempt by the seller, before the breach, to comply with this provision of the section.

2. Where the seller in a contract for the sale of goods of a certain quantity and description offers to perform, by an offer to deliver to the purchaser certain goods which the seller has on hand answering the description in the contract, and, upon the purchaser's rejection of the offer, the seller makes no effort to store the goods for the purchaser's benefit, as is provided in the Civil Code (1910), § 4131, but sells the identical goods to other customers, and where, after such rejection by the purchaser, it is mutually agreed between the parties to extend the time for performance by the seller to a definite date in the future, and where the seller, upon the arrival of that date, offers to perform by offering to deliver the goods to the purchaser in accordance with the terms of the contract thus mutually changed and modified, the seller may, upon the purchaser's refusal to accept delivery, thereby committing

a breach of the contract as mutually modified, then store the goods for the benefit of the purchaser and recover of the latter the entire contract price.

3. The fact that the seller, in undertaking to perform his obligation under the contract in its original state, set aside certain definite goods to be delivered to the purchaser cannot, after the time for performance of the contract has been mutually extended by agreement between the parties, be regarded as an election, after breach, to store and retain the property for the benefit of the purchaser, since such conduct on the seller's part, even if it amounted to a setting aside of the property for the purchaser's benefit, happened prior to the breach of the contract as mutually changed and modified.

4. The judgment awarding a nonsuit in a former trial on a petition by the same plaintiff against the same defendant, containing substantially the same allegations as in the present petition, adjudicated only the sufficiency of the evidence to sustain the petition in the former suit, and did not adjudicate the sufficiency of the allegations in the petition as respects a cause of action. Such judgment of nonsuit, therefore, constitutes no adjudication of the sufficiency of the present petition.

5. This being a suit by the seller to recover of the purchaser the entire contract price after having stored the property for the purchaser's benefit, the petition, under the above rulings, set out a cause of action and was improperly dismissed on demurrer.

　　　　　*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

　　　　　DECIDED FEBRUARY 9, 1924.

Complaint; from city court of Floyd county—Judge Nunnally. March 8, 1923.

*Willingham, Wright & Covington,* for plaintiff.

*Maddox, Lipscomb & Matthews,* for defendant.