### 24848.  JONES *v.* MAYOR & ALDERMEN OF SAVANNAH.

DECIDED FEBRUARY 6, 1936.

*Ulmer & Dowell,* for plaintiff.

*Shelby Myrick, J. C. Hester,* for defendant.

PER CURIAM. 1. "If the plaintiff fails to make out a prima facie case, or if, admitting all facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit will be granted. A judgment of nonsuit is no bar to a subsequent action for the same cause brought in due time." Code of 1933, § 110-310. "If a plaintiff shall be nonsuited, .. . and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case." § 3-808. A nonsuit only adjudicates the sufficiency of the evidence to sustain the petition, but does not adjudicate the sufficiency of the allegations in the petition to present a cause of action. Therefore a nonsuit constitutes no adjudication as to the sufficiency of a subsequent petition containing substantially the same allegations as in the former suit. *William Alsberg & Co. Inc.* v. *Harper Mfg. Co.,* 31 *Ga. App.* 586 (4) (121 S. E. 586). In this action against a municipality for personal injuries, duly renewed after the grant of a nonsuit in a substantially similar former action in the superior court, the former judgment can not be taken as having determined that the petition was insufficient, and that the plaintiff had no right to recover, because her notice of injury to the municipality was legally insufficient under the Code, § 69-308, especially where it is not made to appear that the sufficiency of the notice was in any wise determined or questioned in the former action by demurrer or otherwise, or that the nonsuit was granted for any reason other than that the evidence as to negligence was insufficient to authorize a recovery. See *Raines* v. *Stokeley,* 152 *Ga.* 156 (5) (108 S. E. 903). Accordingly, the sole question raised by the general demurrer in the instant case, as to whether the written notice to the city, as set forth in the amended petition, sufficiently complied with the requirements of the Code, must be determined independently of the former judgment of nonsuit.

2. In an action for damages against a city on account of personal injuries, the petition was dismissed on general demurrer solely for the reason that the notice of the claim furnished to the

city before the institution of the suit, under the Code, § 69-308 was insufficient and defective, it being as follows: "As attorneys at law for Flora Jones, colored, of this city, we present to you, in accordance with section 910 of the Code of Georgia, the claim of the said Flora Jones for damages in the sum of $5,000, for personal injuries received by her on Thursday, April 13, 1933, at about five o'clock p. m., by the said Flora Jones stepping upon the cover of a sewer located on the northwest corner of 39th and Jefferson Streets. The cover of said sewer turned and threw her into said sewer up to her armpits. Our client is being treated by Dr E. R. Corson of this city, who will be glad to give you the facts as to the injuries sustained by our client, should you care to get in touch with him. Any further information desired will be supplied upon request from you, your honorable board or from the city attorney." By amendment to her petition the plaintiff set up that "at the time of the giving of the said notice she was unable to minutely describe the injuries which she had received, and knowing that the purpose of such notice was to enable the city to promptly investigate the injuries suffered, she gave the name of her attending physician from whom such detailed information might be obtained; . . that the city did avail itself of this notice; and that its claim adjuster . . called upon her physician, Dr. E. R. Corson, and obtained from him a detailed statement as to the injuries sustained upon the person of petitioner, which said statement was used by the defendant in the consideration of petitioner's claim." Under the particular facts in this case it was error to sustain the demurrer and to dismiss the action on the ground that the above notice was insufficient in that it did not particularly describe the nature and extent of the plaintiff's injuries.

3. The statute requiring this notice is in derogation of the common law, and must be strictly construed against the municipality. *City of Rome* v. *Stone,* 46 *Ga. App.* 259 (167 S. E. 325). "The purpose of the law was simply to give to the municipality notice that the citizen or property owner has a grievance against it. It is necessary only that the city shall be put on notice of the general character of the complaint, and, in a general way, of the time, place, and extent of the injury. . . A substantial compliance with the act is all that is required; and when the notice describes the time, place, and extent of the injury with reasonable certainty, it will be

sufficient." It is required only that "information as to the matters referred to may be given with sufficient definiteness to enable the city authorities to examine into the alleged injuries and determine whether the claim shall be adjusted without suit." *Langley* v. *Augusta,* 118 *Ga.* 590 (11, 12), 600 (45 S. E. 486, 98 Am. St. R. 133). In *City of Atlanta* v. *Blackmon,* 50 *Ga. App.* 448 (178 S. E. 467), it was held that the notice required before suit against a municipality "is not amenable to the strict rules of pleading; it is intended only to state such facts as will enable the municipality to promptly investigate for itself the merits of the claim." Our courts have uniformly held that a substantial compliance with the requirements of the Code as to notice to a municipality is sufficient. See *Kennedy* v. *Savannah,* 8 *Ga. App.* 98 (68 S. E. 652); *Marks* v. *Rome,* 145 *Ga.* 399 (3) (89 S. E. 324); *City Council of Augusta* v. *Marks,* 124 *Ga.* 365 (52 S. E. 539); *Sirmans* v. *Ray City,* 32 *Ga. App.* 430 (124 S. E. 60); *City of Atlanta* v. *Blackmon,* supra; *City of Rome* v. *Stone,* supra; *Mayor &c. of Savannah* v. *Helmken,* 43 *Ga. App.* 84 (158 S. E. 64); *City of East Point* v. *Christian,* 40 *Ga. App.* 633 (151 S. E. 42); *City of Griffin* v. *Stewart,* 22 *Ga. App.* 363 (96 S. E. 219); *City of Griffin* v. *Stewart,* 19 *Ga. App.* 817 (92 S. E. 400); *Williamson* v. *Savannah,* 19 *Ga. App.* 784 (92 S. E. 291); *City of Sandersville* v. *Stanley,* 10 *Ga. App.* 360 (73 S. E. 535); *City of Greensboro* v. *Robinson,* 19 *Ga. App.* 199 (91 S. E. 244); *Maryon* v. *Atlanta,* 23 *Ga. App.* 716 (91 S. E. 316), s. c. 149 *Ga.* 35; *City of Rome* v. *Herron,* 26 *Ga. App.* 39 (105 S. E. 379); *City of East Point* v. *Hendrix,* 27 *Ga. App.* 485 (108 S. E. 623); *Lewis* v. *Moultrie,* 31 *Ga. App.* 712 (121 S. E. 843); *Scearce* v. *Gainesville,* 33 *Ga. App.* 411 (4) (126 S. E. 883); *City of Atlanta* v. *Franklin,* 45 *Ga. App.* 303 (164 S. E. 685); *Carruthers* v. *Hawkinsville,* 171 *Ga.* 313, 315 (155 S. E. 520); *Atlanta* v. *Hawkins,* 45 *Ga. App.* 847 (166 S. E. 262). Putting this construction on the notice furnished to the city in this case, it was sufficient. Furthermore, upon receipt of this notice, the city availed itself thereof and its claim adjuster made an investigation of the claim, called on the claimant's physician, and obtained from him a detailed statement as to the claimant's injuries, which said statement was used by the defendant in the consideration of the claim.

4. The petition as amended was not subject to general demurrer, and the judge erred in dismissing the action.

*Judgment reversed. Stephens and Sutton, JJ., concur. Jenkins, P. J., dissents.*

JENKINS, P. J., dissenting. It is only with respect to the rulings made in the divisions 2 and 3 of the opinion that I feel compelled to differ with my colleagues. As I understand the law, while it is well recognized that the notice "is intended only to state such facts as will enable the municipality to promptly investigate for itself the merits of the claim" (*City of Atlanta* v. *Blackmon,* supra), the facts to be stated for such purpose are those which are specifically named by the statute; and one of these is that the "extent of such injury, as near as practicable," must be set forth. Accordingly, where, as in this case, the notice merely claimed injuries in a named amount, without stating or indicating in any manner whatsoever the *nature or extent* of the injuries, and, in lieu of doing so, merely referred the city for the facts as to the injury to a named physician, and stated that "further information *will be* supplied upon request," the written notice was insufficient to constitute a valid basis of a suit for damages. The statement in the notice as to the manner in which the accident occurred did not in any wise indicate any particular sort of resulting *injury,* or the extent thereof; and the fact that the petition alleged by amendment that at the time the notice was given the plaintiff "was unable to *minutely* describe the injuries" did not excuse her from informing the city of the extent of such injury as nearly as it was practicable for her to do. A plaintiff should not be permitted thus to evade the plain requirements of the statute that the plaintiff or his attorney shall inform the city in writing as to the "extent of such injury, as near as practicable," by merely referring the city to a third person, whose oral or written statements could not be subsequently used as an admission against the plaintiff; especially so where, as in this case, there is nothing to indicate that the injury was of such seriousness as would make it incumbent upon the city in the exercise of proper prudence to acquire for itself the information which the law made it incumbent upon the plaintiff herself to furnish authoritatively in writing. If, in lieu of the mandate of the statute, a city could be thus required to seek oral information from third persons as to the nature and extent of the injury, instead of being furnished by the plaintiff with a written statement giving as nearly as practicable the extent of the injury, such a procedure

would be equally effective as to the required notice relative to the time, place, and the negligence, and would render needless any written statement other than that the plaintiff was injured, and that the city be directed to ascertain for itself the facts by communicating with the doctor of the plaintiff or any other named witness or person whom the plaintiff might see proper to designate.

It is true, as set forth in the majority opinion, that the petition indicates by amendment that the city's "claim adjuster" did in point of fact consult the plaintiff's physician; and it is contended that because the city employee engaged in this conversation with plaintiff's physician, and the city considered such information, this would amount to a waiver on the part of the city of the statutory requirements relative to a written notice by the plaintiff herself. On this latter question I am not altogether free from doubt. The petition does not set forth any authority on the part of the claim agent to bind the city by a contract of waiver; nor is it shown that he was a public officer as distinguished from an employee. The authorities are in serious conflict as to whether or not a city can even *expressly* waive the statutory requirements of written notice, and, if such can be done, by what officials, and in what manner. See McQuillin on Municipal Corporations, (2d ed.), 974, § 2889, and cit. But, as I understand it, no question of waiver is involved in the instant case. There is no allegation of waiver. The contention of the plaintiff amounts to nothing more than an effort on her part to set up an estoppel against the city by reason of the conduct of its "claim adjuster." Under the Code of 1933, § 89-903, "Powers of all public officers are defined by law, and all persons must take notice thereof. The public may not be estopped by the acts of any officer done in the exercise of a power not conferred." See *Town of Wadley* v. *Lancaster,* 124 *Ga.* 354, 356 (52 S. E. 335). In the absence of any authoritative written statement from the plaintiff herself as to the extent of her injuries as nearly as practicable, the fact that the "claim adjuster" may have undertaken to make an investigation of his own, and that the city in the exercise of due caution, pending an adjudication as to its rights with reference to the required written statement, may have considered such information, should not be taken to excuse the plaintiff from complying with the clear mandate of the statute, however liberally it might be construed.