FOSTER, Sheriff, *v.* VICKERY.

No. 15613. FEBRUARY 5, 1947. REHEARING DENIED MARCH 20, 1947.

*Houston White* and *Sam F. Lowe Jr.,* for plaintiff.

*George & John L. Westmoreland* and *William G. Grant,* for defendant.

HEAD, Justice. (After stating the foregoing facts.) The application for certiorari assigns error on various rulings by the Court of Appeals. Only one question needs to be considered here. Could the Civil Service Board of Fulton County, under its findings that the charges made by the sheriff against Mrs. Vickery— "(1) reckless driving of an automobile on Piedmont Avenue in the City of Atlanta in the early hours on the morning of June 23, 1945; (2) by driving your automobile at the same time and place under the influence of intoxicating liquors"—were supported by the evidence, and that "the appellant is guilty of conduct unbecoming an officer as charged by the sheriff," thereafter provide that the order of dismissal made by the sheriff be reduced to six-months' suspension?

The powers of the board are to be found and determined under the provisions of law creating a Fulton County Civil Service Board, and acts amendatory thereof. Section 18 of the act of 1943 (Ga. L. 1943, p. 990) is as follows: "Any appointing authority may dismiss a subordinate in the classified service for cause, upon filing with the board copy of written notice furnished the employee to be removed, setting forth in detail the reasons for such action, before the effective date of such removal. The dismissed employee shall have an opportunity to answer the charges in writing within ten (10) days, and to file with the board affidavits in support of such answer. All papers filed in the case shall be subject to inspection by the persons affected. Such action of the appointing authority shall be final, except the board may reinstate an officer or employee so removed, in case it appears after proper hearing that the removal was made for personal, political, or religious reasons and not justified. The board, may, after proper investigation of the circumstances surrounding the dismissal and the fairness thereof, approve the transfer or reemployment of the employee involved either to the same posi-

tion, if approved by the appointing authority, or to a lower position as the board may direct. Provided, however, the board within thirty (30) days from any action removing, demoting, suspending, or accepting the resignation of any officer or employee may on its own motion, or on the motion of any party, reopen the case and vacate, modify, or revise its former order so as to lessen, but not increase, the penalty imposed, but after the end of such thirty (30) days, the board shall not have any authority to reopen such case for any cause."

By an amendment approved March 6, 1945 (Ga. L. 1945, p. 854), § 18 of the act of 1943, entitled "Removal," was amended by striking the words, "if approved by the appointing authority," in the 18th line of the section, and by adding § 18 (a), as follows: "Whenever an employee has been suspended, demoted, discharged, disciplined, or otherwise caused to suffer any loss in classification, grade, or salary, such employee shall have the right of appeal to the civil service board. This right may be exercised at any time within ten days from the date of such suspension, demotion, discharge, or other disciplinary action by a request in writing for such hearing filed with the secretary of said board. Immediately upon the receipt of such request, the secretary shall notify the members of the board and call a meeting of the board for proper hearing of the case. The board shall proceed to hear all parties at interest and such evidence as may be introduced by any of them at the earliest practicable date after notice of the appeal has been filed.' The filing by an employee of an answer to charges to the written statement filed by the appointing authority with the board as provided in section 18 above, without further formality, shall be deemed a sufficient demand for a hearing."

The judgment of the Court of Appeals in this case may have been induced to some extent by an unintentional misconstruction of the record with reference to the answer of Mrs. Vickery. It is stated that she "alleged that her removal was for personal and political reasons and was not justified by the facts in the case. The answer was supported by several affidavits also filed with the board." The affidavits filed with the civil service board dealt solely with the "previous good character and reputation" of Mrs. Vickery, except the affidavit of Mrs. Vickery, which denied the

charges and undertook to set up matters in support of her answer, which were later stricken on demurrer. The chairman of the civil service board asked counsel for Mrs. Vickery the following question: "Do you have any affidavits or any witnesses to support the position that she was discharged for personal reasons?" Counsel replied: "Nothing right now, except the circumstances which we will develop a little later in the trial." A careful examination of the entire record convinces this court that counsel failed to develop any circumstance tending to show that Mrs. Vickery was discharged for personal, political, or religious reasons, and we must disagree with the following statement contained in the opinion of the Court of Appeals: "It may be added that Mrs. Vickery's affidavit supporting her answer, after the parts referred to were stricken by the court, still tended to show that the sheriff may have acted for personal or political reasons in dismissing her. It showed that, after she had made a complete statement to the sheriff of the facts respecting her conduct which was under investigation, he told her that he would call her later, which he failed to do, and that when she received the notice of dismissal and called him and asked if he did not think he had been too severe, he stated that 'he felt that he must do something of the sort because the public demanded it.'" It is stated that Mrs. Vickery had made a "complete statement to the sheriff of the facts respecting her conduct." If the evidence of the police officers who testified before the civil service board is worthy of belief, Mrs. Vickery stated to the sheriff anything but the facts, denying in toto that she had been guilty of any misconduct. The civil service board by its judgment finding that the sheriff's charges were true, approved the testimony of the police officers. It follows that any statement made to the sheriff by Mrs. Vickery in conflict with the testimony of the police officers can not properly be used as a basis for the conclusion that the sheriff acted from personal, political, or religious reasons. Nor will an unsupported inference from the affidavit of Mrs. Vickery justify or authorize any conclusion that the sheriff acted from personal, political, or religious reasons and was not justified. Particularly is this true when the civil service board, authorized to hear the evidence, did not by their judgment make any finding that the act of the sheriff was for personal, political, or religious reasons and not justified.

To construe the authority vested in the civil service board by the acts cited, there are various rules of construction that must be given consideration. "The cardinal rule in the construction of legislative enactments is to ascertain the true intention of the General Assembly in the passage of the law." *Board of Tax Assessors of Decatur County* v. *Catledge,* 173 *Ga.* 656 (160 S. E. 909); *Gazan* v. *Heery,* 183 *Ga.* 30 (187 S. E. 371). There is another rule of construction that must be given consideration here. The office of sheriff carries with it all of its common-law duties and powers, except as modified by statute. *Elder* v. *Camp,* 193 *Ga.* 322 (5) (18 S. E. 2d, 622). Statutes in derogation of the common law must be strictly construed. *Robinson* v. *Lotus,* 1 *Ga.* 317; *Banks* v. *Darden,* 18 *Ga.* 318 (3); *Mott* v. *Central Railroad,* 70 *Ga.* 683 (48 Am. R. 595); *Kenyon* v. *Brightwell,* 120 *Ga.* 610 (48 S. E. 124, 1 Ann. Cas. 169); *Cooney* v. *Sweat,* 133 *Ga.* 512 (66 S. E. 257, 25 L. R. A. (N. S.) 758); *Jeens* v. *Wrightsville & Tennille R. Co.,* 144 *Ga.* 51 (85 S. E. 1055); *Watson* v. *Thompson,* 185 *Ga.* 407 (195 S. E. 190).

Both under the rules of the common law and the statute law of force in this State, sheriffs are not restricted in their right to employ and discharge their deputies and employees, and any limitation or restriction which now applies to only one sheriff in this State must be strictly construed, and no powers or rights will be given to the reviewing or limiting authority except those definitely and positively granted by the General Assembly.

Under § 18 of the act of 1943, the authority given the civil service board to reinstate an officer or employee removed was limited to those cases or instances in which it appeared that the removal or discharge was made for "personal, political, or religious reasons and not justified," and in those instances the civil service board could not reinstate, transfer, or re-employ unless such action be "approved by the appointing authority." The amendment of 1945 simply struck from § 18 the words, "if approved by the appointing authority." The purpose and reason for striking these words is definite and clear. The right of the civil service board to re-employ or reinstate under the act of 1943 was limited—even where the board found that the removal had been made for personal, political, or religious reasons, and was not justified—to those cases or instances where the authority bringing about the

discharge would agree to such re-employment or reinstatement. Thus the situation existed where a person under civil service might be wrongfully discharged, to wit, for personal, political, or religious reasons, and the civil service board could so find, and yet, if the authority bringing about the discharge did not agree to a reinstatement or re-employment, the civil service board was not empowered to rectify the wrong. By striking the words, "if approved by the appointing authority," the General Assembly granted the civil service board the right in all instances where they find that the discharge was brought about by personal, political, or religious reasons, and not justified, to properly reinstate, reassign and re-employ, without consideration of the wishes of the appointing authority.

The amendment, § 18 (a) of the act of 1945, does not give or grant any greater powers to the civil service board as to reinstatement of discharged employees than was previously held by them. Under the act of 1943, as it stood prior to this amendment, there was no provision in the law for an appeal by a discharged employee. Under § 18, the discharged employee "shall have an opportunity to answer the charges in writing," but no provision is made for a hearing, or the introduction of evidence, nor was there any positive requirement that the board should review the charges. Section 18 (a) provides that, when such employee has been suspended, demoted, discharged, or caused to lose any class, grade, or salary, the employee shall have the right of appeal, which may be exercised at any time within ten days, and provides that the board *shall* proceed to hear evidence. As the law stood before the amendment of 1945, the discharged employee might receive a review of the charges, if the board elected to act. Under the amendment of 1945, § 18 (a), the board is required to grant a hearing if a discharged employee complies with the provisions of such amendment. The amendment is nothing more than a method to secure the employee a hearing, on the charges preferred. Section 18 (a) in no manner removes the limitation on the power of the civil service board to reinstate only in those instances where the discharge was made for "personal, political, or religious reasons." Any other interpretation or construction would require that we give a forced or strained interpretation to the plain, common words used in the amendment, and such interpretation and con-

62

struction is prohibited. *State of Ga.* v. *Camp,* 189 *Ga.* 209 (6 S. E. 2d, 299) ; *Gazan* v. *Hèery,* supra.

*Judgment reversed. All the Justices concur.*