18794. DUNCAN *et al.* v. ENTREKIN *et al.*

CANDLER, Justice. This is a suit to enjoin the operation of a kindergarten in an unincorporated part of DeKalb County which was zoned as a residential district in 1946. At an interlocutory hearing the judge refused to grant a temporary injunction and the exception is to that judgment. *Held:*

All portions of DeKalb County lying outside the limits of incorporated areas were, on May 23, 1946, zoned as industrial, commercial, apartment, and residential districts. The parties own adjacent property in a residential district. And a "residential district" is defined by the zoning ordinance of 1946 as being "all areas formerly zoned by the Commissioner of Roads and Revenues of DeKalb County for residential purposes and also all properties now occupied or used for residential purposes, and including churches, schools, agriculture, nurseries, clubs,

parks and all buildings and uses of buildings and land incidental thereto," but exclusive of buildings, structures, and uses of buildings and lands included in districts zoned for industrial, commercial or apartment use. The evidence shows that the defendants occupy their residence as a home and that they have also used it for kindergarten purposes since 1948, and it is clear to us that such use of it is entirely permissible under the provisions of DeKalb County's zoning ordinance of 1946. A kindergarten is a school for children of very tender years, and a school is one of the permissive uses of property in a "residential district," as that term is defined by the county's zoning ordinance of 1946. Since statutes or ordinances which restrict an owner's right to freely use his property for any lawful purpose are in derogation of the common law, they must be strictly construed and never extended beyond their plain and explicit terms. *Foster* v. *Vickery,* 202 *Ga.* 55, 60 (42 S. E. 2d 117), and citations. The question which this case presents for decision was also raised by the petition in *Shoaf* v. *Bland,* 208 *Ga.* 709 (69 S. E. 2d 258), but at an interlocutory hearing of that case the plaintiff abandoned his contention that a kindergarten could not be operated lawfully in an unincorporated part of DeKalb County which had been zoned under the ordinance of 1946 as a residential district, and relied solely on a restrictive covenant in the deeds to their respective lots in a named subdivision. Hence, no ruling was there made on the question presented by the writ of error in this case. But, from what we have said above, it follows that the judgment in this case is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 12, 1955—DECIDED FEBRUARY 14, 1955.

*Joseph B. McConnell, Ernest Bostick,* for plaintiffs in error.
*Thomas O. Davis, James A. Mackay,* contra.