36571. SHOCKLEY *v.* NUNNALLY *et al.*

DECIDED FEBRUARY 28, 1957—REHEARING DENIED MARCH 19, 1957.

D. M. Pollock, A. M. Kelly, Stephens, Fortson, Bentley & Griffin, Edwin Fortson, for plaintiff in error.

Orrin Roberts, Wm. P. Whelchel, contra.

CARLISLE, J. Upon the first appearance of this case in this court (*Nunnally* v. *Shockley,* 91 *Ga. App.* 767, 87 S. E. 2d 115), it was held that the petition did not show that the defendants had parted with possession of any part of their building; that

the defendants' alleged liability is simply that of all owners or occupiers of land to an invitee for failure to exercise ordinary care in keeping the premises and approaches safe in violation of Code § 105-401; that the petition alleged facts sufficient to raise a jury question as to whether the defendants breached their duty and that the trial court did not err in overruling the general demurrer to the petition. It was also held on that appearance of the case that the trial court erred in denying the defendants' motion for new trial, as a verdict for the plaintiff was unauthorized by the evidence which showed that the plaintiff was an invitee of a tenant and sustained an injury by reason of the defendant landlords' failure to repair a defect in the premises occupied by the tenant, and the evidence failed to show that the landlords had retained any right to the possession of the premises rented to the tenant, and showed that the tenant had not given nor had the landlords received notice of the defect causing the plaintiff's injury. Upon the second appearance of this case in this court (*Shockley* v. *Nunnally,* 93 *Ga. App.* 437, 91 S. E. 2d 793), this court affirmed a judgment of nonsuit, as the evidence upon the second trial was essentially the same as that upon the first trial, and it was held to be the law of the case that such evidence failed to prove the case as laid. Following that judgment of this court, the plaintiff renewed its case in accordance with the provisions of Code § 3-808 and by certain additional allegations elaborated upon the cause of action originally held by this court to be stated in the original petition. To the renewed petition, the defendants entered their plea of res judicata, pleading the two former judgments of this court as the law of the case and as their defense to the renewed case. The trial court sustained the plea and dismissed the case without the introduction of any evidence. In this, the trial court erred. A judgment awarding a nonsuit on a former trial on a petition by the same plaintiff against the same defendants containing substantially the same allegations adjudicates only the sufficiency of the evidence to sustain the petition in the former suit and does not adjudicate the sufficiency of the allegations in the petition as respects a cause of action (*William Alsberg & Co.* v. *Harper Mfg. Co.,* 31 *Ga. App.* 586 (4), 121 S. E. 586; *Jones* v.

*Mayor &c. of Savannah,* 52 *Ga. App.* 537 (4), 184 S. E. 353) ; and such former judgment of nonsuit does not establish the law of the case such that it may be pleaded· as a defense of res judicata to a renewal of the case, based upon the original cause of action. The plaintiff was entitled to prove the cause of action alleged if, on the trial, he could produce the necessary evidence, and neither this court nor the trial court can say as a matter of law that the production of such evidence is an impossibility.

*Judgment reversed.* *Gardner, P. J., and Townsend, J., concur.*