39047. TAYLOR v. KING *et al.*

DECIDED OCTOBER 6, 1961.

Vincent P. McCauley, Marilyn W. Carney, for plaintiff in error. Davis & Davis, Lennis F. Davis, Thompson & Redmond, Lee R. Redmond, Jr., contra.

EBERHARDT, Judge. This case involves the following factors, viz.: (1) Was the notice given the defendant city sufficient under Code § 69-308, as amended? (2) If so, was the defendant city exercising a ministerial function under these facts? and (3) Is the defendant King, the airport manager, personally liable? These points will be considered in the above order.

■ The plaintiff attached a copy of a letter to his petition which he contends was sufficient notice to the defendant city. The letter was sent to the Mayor of Columbus and set forth the details of the occurrence including the alleged negligence of the defendant city. However, the letter was sent by the insurance carrier for the plaintiff and the amount specified was less than the damages claimed in the petition.

The applicable law is contained in Code § 69-308 as amended (Ga. L. 1953, Nov.-Dec. Sess., p. 338; 1956, p. 183) which provides in part: "No person, firm or corporation, having a claim for money damages against any municipal corporation on account of injuries to person or property, shall bring any suit at law or equity against said municipal corporation for the same, without first, and within six months of the happening of the event upon which such claim is predicated, presenting in writing such claim to the governing authority of said municipality for adjustment, stating the time, place, and extent of such injury, as nearly as practicable, and the negligence which caused the same, and no such suit shall be entertained by the courts against

such municipality until the cause of action therein shall have been first presented to said governing authority, for adjustment. . ."

It has been held many times that a substantial compliance with this section is all that is necessary, the purpose of the notice requirement being to apprize the city of the claim in order that it may determine whether or not to adjust the claim without suit. *Code Ann.* § 69-308, catchword "Substantial Compliance." The variation in amounts claimed is immaterial. *City of Griffin v. Stewart,* 19 Ga. App. 817, 819 (92 SE 400); *Williamson v. Mayor &c. of Savannah,* 19 Ga. App. 784 (92 SE 291).

The defendant city relies on the case of *Jones v. City Council of Augusta,* 100 Ga. App. 268 (110 SE2d 691) wherein it is held that notice of a claim by the parents does not constitute notice of a claim by a child. This ruling is based on the fact that there were two different causes of action, i.e., one for the child and one for the parents. This is not the situation here as there was only one cause of action. Therefore, the *Jones* case is distinguishable on its facts.

Furthermore, as was said in that case at page 270: "The notice must be given by somebody. The Code does not specify who shall give it." We thus hold that it was not necessary that the notice be given by plaintiff himself. The notice given the defendant city here was a substantial compliance with the Code.

■ Next we have the question of whether the defendant city was engaged in a ministerial or a governmental function in the operation of this airport. The plaintiff's allegations are: "5. That the city leased space at this airport to private companies engaged in commercial operations for profit; that the revenues thereby obtained are substantial, and not incidental revenue, and that said airport is operated by the city as a source of revenue. 6. That the city by lease agreement with the private enterprises therein covenants to maintain runways and thus undertakes by private contractual obligation the responsibilities and obligations which the said business enterprises are bound to fulfill as part of their operation for profit. 7. That in so doing the city is performing a ministerial function of a private na-

ture for the use of its lessees as an obligation of its leases, from which it obtains substantial revenue."

Generally, municipalities are not liable for negligence in the performance of governmental (or legislative) functions but are chargeable for negligence in connection with ministerial (or proprietary) duties. *Code* § 69-301. While municipal operation of airports is a relatively new development, plaintiff has gathered a number of foreign cases holding that an airport operation by a municipality is a ministerial or proprietary function. Mollencop v. Salem, 139 Ore. 137 (8 P2d 783, 83 ALR 315); Granite Oil Secur. v. Douglas County, 67 Nev. 388 (219 P2d 191, 16 ALR2d 1069); City of Corsicana v. Wren, 159 Tex. 202 (317 SW2d 516); Mobile v. Lartigue, 23 Ala. App. 479 (127 S 257); and Sanders v. City of Long Beach, 54 Cal. App. 2d 651 (129 P2d 511). However, resort to these authorities and others, (see Ann. 66 ALR2d 634), is not necessary as we think the nature of this function as ministerial or proprietary has been settled by *Caroway v. City of Atlanta,* 85 Ga. App. 792 (1c) (70 SE2d 126) and *Southern Airways Co. v. DeKalb County,* 102 Ga. App. 850 (1) (118 SE2d 234). The *Southern Airways Co.* case, at page 855, after a review of the authorities, specifically holds "that where, as here, a county through its proper authority leases property which it owns for use as an airport, it is engaging in a proprietary and not a governmental function." For this purpose, there is no distinction between municipal and county liability.

The *Caroway* case involved the city's liability for alleged negligence in the maintenance of a passenger terminal at the municipal airport. There, the petition alleged that the city leased portions of the terminal for substantial income but retained control of the remainder including the portion where the plaintiff was injured. This court held that it was error to sustain a general demurrer to the petition.

The *Caroway* case is directly in point. Here the plaintiff alleged "substantial revenue" and that the defendant city leased a portion of the premises to private parties. Further, the alleged negligence occurred on that portion of the airport over which the defendant city retained control. Questions relative to plaintiff's variation from the runway are for the jury.

Therefore, it was error to sustain the general demurrer of the defendant city.

■ Since we have held that the city would be liable under the allegations of this petition, one of the possible grounds for sustaining the general demurrer of the defendant King has been eliminated. It is common practice for the agent to be joined in a suit against the principal and, while the defendant King may not be chargeable with all of the acts of negligence complained of, the allegation relative to failure to warn is sufficient to keep him in the case as against general demurrer. Therefore, the defendant King's general demurrer was improperly sustained.

*Judgment reversed. Carlisle, P. J., and Nichols, J., concur.*