40960. CITY OF ATLANTA v. J. J. BLACK & COMPANY.

DECIDED NOVEMBER 19, 1964.

*A. C. Latimer, J. Lee Perry,* for plaintiff in error

*Westmoreland, Hall & Pentecost, Donald E. O'Brien,* contra.

FELTON, Chief Judge. ■ The plaintiff in error city, in arguing its general demurrer, contends that the petition was fatally defective in that it failed to allege compliance on the part of the plaintiff contractor with the ante litem notice requirements of *Code Ann.* § 69-308. This statute is in derogation of the common law, which did not require such ante litem notice; therefore it must be strictly construed and not extended beyond its plain and explicit terms. *Sears v. Minchew,* 212 Ga. 417 (93 SE2d 746); *Duncan v. Entrekin,* 211 Ga. 311 (85 SE2d 771); *Foster v. Vickery,* 202 Ga. 55, 60 (42 SE2d 117), and citations. The statute requires the ante litem notice for claims "on account of injuries to person or property." "Property" at common law was limited to tangible realty or personalty, and therefore cannot be extended to include property rights in contracts. The purpose of the law, as expressed in *Mayor &c. of Buford v. Light,* 65 Ga. App. 99, 100 (15 SE2d 459), "was simply to give to the municipality notice that the citizen or property owner has a grievance against it. It is necessary only that the city shall be put on notice of the general character of the complaint, and, in a general way, of the time, place, and extent of the injury. . ." In the case of claims arising out of contracts, as contrasted with torts, the city, being a party to the contract, is already on notice as to the existence and the circumstances of the contract which is the basis of the claim; therefore the reason for such notice does not exist.

■ "Copies of contracts . . . should be incorporated in

or attached to the petition in all cases in which they constitute the cause of action, or the relief prayed for must be based thereon." *Code* § 81-105. Failure to do so may be taken advantage of by a timely special demurrer. *Reed v. Equitable Trust Co.*, 115 Ga. 780 (42 SE 102). See also cases cited in *Keith v. Darby*, 104 Ga. App. 624, 625 (2) (122 SE2d 463). "Where a special demurrer to a petition is sustained, with leave to amend, and there is a failure to do so, the petition should be dismissed if the delinquency relates to the entire cause of action. . . . *White v. Little*, 139 Ga. 522 (3) (77 SE 646); *Beermann v. Economy Laundry Co.*, 153 Ga. 21, 22 (111 SE 399); *McSwain v. Edge*, 6 Ga. App. 9, 11 (64 SE 116); *Elliott v. Orange Crush Bottling Co.*, 56 Ga. App. 313, 315 (192 SE 530)." *Cheatham v. Palmer*, 191 Ga. 617, 619 (5) (13 SE2d 674).

In the instant case the suit was for breach of contract, as appears from the allegations of the petition and the plaintiff's own statement in open court. The plaintiff was given 30 days in which to amend its petition in order to cure the defect pointed out by the three special demurrers of the defendant which were sustained, namely: the failure to incorporate the terms and conditions of the contract or attach a copy thereof to the petition as an exhibit. The plaintiff failed to amend its petition thereafter. This deficiency relates to the entire cause of action for the reason that it cannot be determined whether a breach of the express or implied terms and conditions has occurred without their being incorporated in or attached to the petition. It follows that the court should have dismissed the petition on general demurrer after the plaintiff's failure to amend at the expiration of the 30 days allowed for amendment.

*Judgment reversed. Frankum and Pannell, JJ., concur.*