46793.   BUSH v. CITY OF ALBANY.

SUBMITTED JANUARY 5, 1972—DECIDED JANUARY 19, 1972—
REHEARING DENIED FEBRUARY 24, 1972—

*Charles W. Hill, Francis M. Davis,* for appellant.
*Landau, Davis & Farkas, James V. Davis,* for appellee.

CLARK, Judge. For decision here is determination of the legal sufficiency of an ante litem notice given the City of Albany which failed to disclose the name of the claimant. The notice verbatim is as follows:

"Georgia, Dougherty County. To the Mayor and Council of the City of Albany: "You are hereby notified that on the 12th day of November, 1970, at the intersection of Broad and Harding Streets in said city, petitioner being a foot passenger along Broad Street, in the nighttime, fell into a hole or excavation in said street. The said hole was dangerous in character, unlighted, and without barrier to warn or protect foot passengers along said street; petitioner did not know of the existence of the said hole, and was without fault in the transaction. The said hole had been there 1 year before petitioner fell into it, and the City of Albany knew of its existence, and was charged with the knowledge thereof, and was negligent in failing to put up lights there, or other warning or barriers to protect plaintiff therefrom. Petitioner sustained serious injuries in falling into said hole, to wit: Her leg was broken, she suffered and still suffers great pain and mental anguish therefrom. She is permanently disfigured and injured in her person, and her capacity to labor and earn money permanently impaired to the extent of at least one-half, that she was 50 years of age when injured, and was capable of earning the sum of $3,000 dollars per annum, that she was confined to her bed for the space of 3 months by reason of such injuries, and incurred expense for medicines and medical attention and

nursing of $1,000 dollars, all to her injury and damage in the sum of $5,000 dollars, and for said damage she makes claim upon the City of Albany for the sum of $6,000 dollars for adjustment thereof according to the provisions of Section 69-308 of the Code of Georgia.

/s/ F. M. Davis
Attorney
828 Oglethorpe Ave., Albany, Ga."

Suit was filed for Annie Lee Bush followed by defensive pleadings by the City of Albany and interrogatories and depositions. The city moved for summary judgment which was first granted in general terms. Thereafter, at the request of the plaintiff the court vacated the original order and entered a substitute order limited to the specific point of the omission of the name of the claimant. This substitute order states the court granted the city's motion "insofar as the same is predicated on the inadequacy of the notice given by the plaintiff, Annie Lee Bush, to the defendant, City of Albany, as required by Georgia Code § 69-308, as said notice failed to comply with the requirements of the Code Section, as said notice failed to name the party claimant, although same was signed by claimant's attorney." In that same order the trial court provided the necessary certificate for review by direct appeal.

The requirements contained in § 69-308 which are prerequisite to a suit against a municipality for injuries to person or property state explicitly the following condition precedent: "[W]ithout first, and within six months of the happening of the event upon which such claim is predicated, presenting in writing such claim to the governing authority of said municipality for adjustment, stating the time, place and extent of such injury, as nearly as practicable and the negligence which caused the same." It is significant that these requirements do not include the name and address of the claimant as is done in many other jurisdictions.

In the excellent volume by Professor Sentell entitled "The Law Of Municipal Tort Liability In Georgia," the author

analyzes the statute. He deals with the elements of the notice from pages 136 through 144. He points out that the statute "instructs that this notice is to afford the municipality several specific items of information." He then treats separately the specific elements of "the place," "the extent of injury," and "the cause." He makes no mention of any requirement as to name and address of the claimant which is undoubtedly because of the absence of this requirement in our statute.

As is stated in 17 McQuillin on Municipal Corporations, § 48.02, p. 60 of the 1967 Revised Volume: "The principal purpose of the requirement that claims be presented or filed is to provide the city with full information of the rights asserted against it, enable it to make proper investigation concerning the merits of the claim, and to settle those of merit without the expense of litigation."

Our courts have ruled that this statute requiring this notice is in derogation of the common law, and must be strictly construed against the municipality. *City of Rome v. Stone,* 46 Ga. App. 259 (167 SE 325); *Jones v. Mayor &c. of Savannah,* 52 Ga. App. 537 (184 SE 353); *City of Atlanta v. J. J. Black & Co.,* 110 Ga. App. 667 (139 SE2d 515). Therefore, it will not be extended beyond its plain and explicit terms. *Sears v. Minchew,* 212 Ga. 417 (93 SE2d 746); *Duncan v. Entrekin,* 211 Ga. 311 (85 SE2d 771); *Foster v. Vickery,* 202 Ga. 55 (42 SE2d 117). The result is as stated in *Taylor v. King,* 104 Ga. App. 589, 591 (122 SE2d 265) that "it has been held many times that a substantial compliance with this section is all that is necessary, the purpose of the notice requirement being to apprize the city of the claim in order that it may determine whether or not to adjust the claim without suit."

The extent to which our appellate courts have gone in upholding this policy of "substantial compliance" is illustrated in *Aldred v. City of Summerville,* 215 Ga. 651 (113 SE2d 108) when the Supreme Court pointed out on certiorari the error of this Court of Appeals. Our Supreme Court overruled a holding that the specific written notice was not

a sufficient compliance with the requirements of the statute because such holding was in conflict with *Langley v. City Council of Augusta,* 118 Ga. 590 (45 SE 486, 98 ASR 133) and older decisions of the Court of Appeals concluding: "[It] is only necessary that the instrumentality causing the injury be so set out that the city is put on such notice that it can investigate the claim, and determine whether it prefers to adjust the claim without suit or to contest its validity in the courts." Thus we observe our appellate courts had already adopted from horse-and-buggy days the philosophy expressed by a modern authority, in these words: "Technical accuracy in filing claims is no longer necessary, and the old doctrine of strict and literal compliance, with its attendant harsh and unfair results, has virtually disappeared from the law. What is required is that there be substantial compliance with a demand or claim requirement." 2 Antineau, Municipal Corporation Law, § 16.06, p. 472.

In the light of these authorities (see particularly citation of 21 Georgia cases on p. 540 of *Jones v. Mayor &c. of Savannah,* 52 Ga. App. 537 (184 SE 353)), substantial compliance with the requirements of *Code Ann.* § 69-308 is all that is required. The specified elements are "the time, place and extent of such injury as nearly as practicable, and the negligence which caused the same." The notice given in this case contains these specified elements. Even if it fails to give the name of the petitioner, it is signed by the attorney for the petitioner. It would have been a simple matter for the city's representatives to telephone the attorney and obtain the name and address of his client. "Where the claim requirement demands the address of the claimant, it is deemed satisfied if an address is given at which or through which the claimant may be found, in order that the local government officials may make such investigation of the merits of the claim as may be desired." 2 Antineau, Municipal Corporation Law, § 16.06, p. 474.

In our great country the citizen looks upon the government as his friend and not as his adversary. This philosophy undoubtedly underlies our giving the aggrieved citizen

the right to sue his government as contrasted with the ancient maxim, "The King Can Do No Wrong." In claims against others than municipalities notice is not required. Undoubtedly one of the objectives of this notice statute is to enable the merits of the claim to be recognized because of the relationship of Americans to their "city fathers," a term which is descriptive of the relationship between the municipal government and its citizens. An injured citizen should not have his grievance disregarded without any consideration by his government because of an inadvertent omission where the notice represents substantial compliance and gives the city sufficient information to make inquiry and determine if the claim is meritorious. As was eloquently stated in Cox v. City of Pocatello (1955), 77 Idaho 225 (291 P2d 282): "The object must be kept in mind and should not be given a construction as will defeat the ends of justice."

In a brilliant brief the city's attorneys have relied upon cases which we deem are not controlling on the facts here. It is true that Headnote 1 in *Taylor v. King,* 104 Ga. App. 589, supra, uses the phrase "to whom occasioned," but the statute does not contain this phrase and this court therein reiterated its adherence to the "substantial compliance rule" when the notice was given by one other than the plaintiff.

Able counsel for the City of Albany has devoted two-thirds of his extensive brief in a persuasive argument on the questions of contributory negligence, proximate cause, and intervening negligence and criminal acts of a third party. In doing so he has acted in the best traditions of advocacy, urging that the judgment should nevertheless be sustained on these grounds if we disagree with the single point acted on by the trial court tribunal, and hold the notice given to the municipality is legally adequate. Although we know this has been done frequently in rulings on general demurrers under our former practice, we decline in this specific instance to undertake to consider contributory negligence and intervening negligence when the trial judge

apparently did not do so. This lack of action on our part is not intended to condemn the practice of "sandbagging" as used in poker parlance. It is rather that on a motion for summary judgment in a negligence action where the court below modified a summary judgment order as originally couched in general terms to show that he limited his decision to a single point of law, we should not usurp the province of the trial judge who is entitled to the first opportunity to determine if the case warrants determination on the particular questions of contributory negligence, proximate cause, and intervening negligence and criminal acts of a third party.

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*

### ON MOTION FOR REHEARING.

In a motion for rehearing counsel for the municipality urges this court to pass upon the correctness of the trial court's ruling on other grounds than the specific issue that was submitted by the trial court for review, namely, sufficiency of the ante litem. Citing those cases which hold this court has the right to affirm a judgment which may be correct for any reason, it is requested we now pass upon the plaintiff's own negligence and the intervening negligence of a third person. In the posture of this case and the applicable law this court declines.

The record shows that on September 29, 1971, the trial judge entered an order granting defendant's motion for summary judgment in general terms and included therein a certificate for immediate review. Two days later the trial court withdrew the previous judgment and substituted another order limiting his ruling to the sufficiency of the ante litem notice. The trial judge goes on to say, "this order is intended to clarify the order vacated and limit the ruling of the court to the foregoing ground" and thereupon certifies that "the court deems the question of sufficient importance to warrant immediate decision by the appellate court."

It should be noted that § 56 of the Civil Practice Act, codified as *Code Ann.* § 81A-156, dealing with summary judg-

ments provides in subparagraph (h) that "an order granting summary judgment on any *issue* or as to any party, shall be subject to review by appeal . . ."[1] (Emphasis supplied.)

At the time of the passage of the Appellate Practice Act (Ga. L. 1965, p. 18 et seq.) there was no reference therein specifically to the procedure dealing with appeals on summary judgments. This was clarified by the 1968 amendatory Act (Ga. L. 1968, p. 1073) through a specific statement that "review of orders and judgments with respect to motions for summary judgment shall be governed by § 56 (h) as amended of the Georgia Civil Practice Act [approved March 18, 1966 (Ga. L. 1966, p. 609), as amended.]" The summary judgment statute permits submission to this court of a specific "issue" as was done here by the trial judge. *Code Ann.* § 81A-156 (h).

It will be observed that an order granting summary judgment is by the terms of the statute expressly subject to review by appeal as contrasted with an order denying summary judgment which is not subject to review by direct appeal or otherwise unless the trial judge grants the necessary certificate for review. In the light of this language contained in subparagraph (h) of *Code Ann.* § 81A-156 we can only interpret the substituted order of the trial judge as intended to have this court pass on the single "issue." This is particularly true when it is recognized that no certificate for immediate review was needed for this appeal. Obviously, the trial judge wanted this court to pass upon the correctness of his ruling on the single "issue."

Defendant municipality now has the right reserved under these circumstances to move for a summary judgment on the additional grounds that were not considered by the trial judge in certifying to this court the single "issue" of the legality of the ante litem notice. See *Suggs v. Brotherhood &c.,* 106 Ga. App. 563 (127 SE2d 827); 6 Moore, Fed. Prac-

---

[1] The editorial note in the Annotated Code points out that subparagraph (h) is peculiar to Georgia and does not appear in the Federal Rules.

tice (2d Ed., 1961 Supp.) § 56.14, p. 70 and § 56.08, p. 2048.

We have reviewed the cases cited in the motion for rehearing dealing with the sufficiency of the ante litem notice and adhere to our original ruling on this point.

*Rehearing denied.*